**14 MISC 258**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re Application of THE COALITION TO PROTECT    :   Case No. 14-MC ____
CLIFTON BAY and LOUIS BACON for an Order         :
Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for  :   DECLARATION OF
Use in Foreign Proceedings.                       :   ORIN SNYDER
                                                                 :
-----------------------------------------------------------------x

I, ORIN SNYDER, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for The Coalition to Protect Clifton Bay (commonly referred to as, "Save the Bays") and Louis Bacon (collectively, "Petitioners") in this action. I respectfully submit this declaration in support of Petitioners' Application and Petition for discovery from Stephen Feralio ("Respondent"), brought pursuant to 28 U.S.C. § 1782 ("Section 1782").

2. Petitioners seek discovery in aid of seven actions pending in the Bahamas, and described in the Accompanying Declaration of Jenny Afia at paragraphs 61 to 68 and 98 to 151 (the "Bahamian Actions").

3. Attached hereto as Exhibit A are proposed subpoenas seeking the production of testimony, video footage and documents from Respondent ("Subpoenas").

4. Petitioners filed this application on notice to Mr. Feralio, who, through counsel, has executed a Stipulation and [Proposed] Order agreeing to accept service of the subpoenas in this District and to refrain from complying with the subpoenas until the defendants in the Bahamian Action and Nygård International have a reasonable opportunity to be heard on any opposition.

2

5. Although Section 1782 does not require it, Petitioners have included a proposed order to show cause and expedited briefing schedule for the defendants to the Bahamian Actions and Nygård International to assert any applicable third party rights with respect to Petitioners' request for discovery.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in New York, New York, on August 12, 2014.

_____<br>ORIN SNYDER

# EXHIBIT A

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| The Coalition to Protect Clifton Bay and Louis Bacon | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   14-MC- |
| Stephen Feralio | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Stephen Feralio

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: GIBSON DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193 | Date and Time:<br>09/13/2014 9:00 am |
|---|---|

The deposition will be recorded by this method:   videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*                                         OR   *[signature]*

_____                              _____
*Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   The Coalition to Protect Clifton Bay and Louis Bacon   , who issues or requests this subpoena, are:

Gibson, Dunn & Crutcher LLP, 200 Park Avenue, NY, NY 10166-0193, (212) 351-4000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| The Coalition to Protect Clifton Bay and Louis Bacon | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14-MC- |
| Stephen Feralio | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Stephen Feralio

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: GIBSON DUNN & CRUTCHER LLP, c/o A. Weitzman<br>200 Park Avenue<br>New York, NY 10166-0193 | Date and Time:<br>09/13/2014 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

    *CLERK OF COURT*

    _____     OR     _____
    *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    The Coalition to Protect Clifton Bay and Louis Bacon    , who issues or requests this subpoena, are:

Gibson, Dunn & Crutcher LLP, 200 Park Avenue, NY, NY 10166-0193, (212) 351-4000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

## **DOCUMENTS TO BE PRODUCED**

### **DEFINITIONS**

1.  As used herein, the terms "DOCUMENT" or "DOCUMENTS," "PERSON" or "PERSONS" and "COMMUNICATION" or "COMMUNICATIONS" are defined pursuant to Local Civil Rule 26.3 ("Uniform Definitions in Discovery Requests").

2.  The phrase "RELATING" or "RELATED TO" shall mean in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, and commenting on.

3.  The term "YOU" or "YOUR" shall mean and includes yourself and all PERSONS acting in your interest or on your instructions or assisting you, including, without limitation, your agents, servants, and representatives, including attorneys, accountants, investigators, advisors, contractors, and consultants.

4.  "BACON" refers to Louis M. Bacon, and any partners, contractors, employees, servants, representatives, agents, attorneys, accountants, investigators, assigns, and any other PERSON or entity acting or purporting to act on BACON's behalf, either directly or indirectly, and includes any business entity in which BACON has a controlling interest, including but not limited to Moore Capital Management, L.P.

5.  "NYGÅRD" refers to Peter Nygård or his partners, contractors, employees, servants, representatives, agents, attorneys, accountants, investigators, assigns, and any other PERSON or entity acting or purporting to act on Peter Nygård's behalf, either directly or indirectly.

6.  "NYGÅRD CAY" refers to the property known as "Nygård Cay," located in the Lyford Cay community of Nassau, Bahamas.

7.      "POINT HOUSE," refers to the residence known as "Point House," located in the Lyford Cay community of Nassau, Bahamas.

8.      "SAVE THE BAYS," refers to the Coalition to Protect Clifton Bay, now commonly known as "Save The Bays," as well as its agents, employees, members, and any current or former Officers or Directors, including but not limited to Sam Duncombe, Matthew McCoy, William Hunter, Troy Albury, BACON, Hon. Nicholas F. Brady, Stuart Cove, Joseph Darville, Peter Douglas, Romauld Ferreira, Tonya Bastain Galanis, David Godfrey, Robert F. Kennedy, Jr., Jessica Minnis, Frederick R. M. Smith, Kathleen Sullivan-Sealy, R. Craig Symonette, and Ronald Thompson, as well as the Reverand Dr. CB Moss.

9.      "And" includes the word "or" and vice-versa.

10.     "Any" includes the word "all" and vice-versa.

## II.     INSTRUCTIONS

The following instructions shall govern the response and production of DOCUMENTS:

1.      In the event that any DOCUMENT called for by these Document Requests is withheld on the basis of a claim of privilege, that DOCUMENT is to be identified in a privilege log as follows: Bates number or range (or equivalent document identifier), author(s), addressees(s), indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or appendices, all PERSON(s) to whom distributed, shown or explained, the present custodian, and the nature of the privilege asserted.

2.      In the event that any information is redacted from a DOCUMENT produced pursuant to these Document Requests, that information is to be identified and the basis upon which such information is redacted should be fully stated.

2

3.  In the event that multiple copies or versions of a DOCUMENT exist, produce all non-identical copies of the DOCUMENT, including any and all drafts of the DOCUMENT.

4.  As used herein, the singular form of a word shall be interpreted to include the plural form and the plural form shall be interpreted to include the singular whenever appropriate in order to bring within the scope of this request any DOCUMENTS which might otherwise be considered to be beyond its scope.

5.  The originals (or an identical copy) of all DOCUMENTS requested herein shall be produced for inspection and copying at the time, date, and location provided in the Subpoena to which this Exhibit A is attached.

### III.   DOCUMENTS TO BE PRODUCED

1.  Any and all COMMUNICATIONS between (a) NYGÅRD, on the one hand, and (b) any or all of the following, on the other hand: Hon. Perry G. Christie; Hon. Philip E. Brave Davis; Hon. Glenys Hanna-Martin; members of "The Town Planning Committee"; Keod Smith; Phillippa "Lady" Russell; Jones Communications Limited; Wendell Jones; Earlin Williams; Sherman Brown; Steve McKinney; Jason Graham; Michael Rolle; Louis Farrakhan; and any lawyer, attorney or counselor, or any other PERSON representing or advising any of the above listed individuals.

2.  Any and all DOCUMENTS and/or COMMUNICATIONS RELATED TO SAVE THE BAYS.

3.  Any and all DOCUMENTS and/or COMMUNICATIONS RELATED TO the NYGÅRD CAY, including but not limited to the expansion of the beach at NYGÅRD CAY, the construction of groynes at NYGÅRD CAY, dredging off the coast surrounding NYGÅRD CAY,

3

the construction of buildings and structures at NYGÅRD CAY, and any applications or permits submitted for work done at NYGÅRD CAY.

4. Any and all DOCUMENTS RELATED TO COMMUNICATIONS between NYGÅRD and any elected or appointed representative, official, or employee of the Bahamian government or any of its subdivisions and agencies.

5. Any and all DOCUMENTS and/or COMMUNICATIONS RELATED TO payments, donations, gifts, presents, favors, moneys, assistance, or other consideration (whether in cash or in kind) from NYGÅRD to any current or former public official or employee in the Bahamas or relatives of any such public official or employee.

6. Any and all DOCUMENTS and/or COMMUNICATIONS RELATED TO POINT HOUSE.

7. Any and all DOCUMENTS and/or COMMUNICATIONS RELATED TO BACON.

8. Any and all DOCUMENTS and/or COMMUNICATIONS RELATED TO NYGÅRD's efforts to have articles, editorials, commentary, and/or broadcasts, RELATED TO BACON, POINT HOUSE, NYGÅRD CAY, and/or SAVE THE BAYS, published or produced in any newspaper, periodical, journal, internet website, blog, Twitter account, or on television or radio, including but not limited to any of the following media outlets: *Bahamas Press*; *The Bahama Journal*; *Bahamas National*; *Bahamas Citizen*; *Ear To The Ground*; and "The Platform."

9. Any and all DOCUMENTS and/or COMMUNICATIONS RELATED TO the following websites: "Louis Bacon News" blog, available at louisbaconnews.blogspot.com; "Louis Bacon News" blog, available at mooreonbacon.blogspot.co.uk; "gotbacon" blog,

available at gotbacon.wordpress.com; "Bahamasb2b.com," available at bahamasb2b.com/news/; "Bahamas Uncensored," available at bahamasuncensored.com; "Nassau Observer," available at nassauobserver.blogspot.ca; "Louis Bacon" blog, available at newsonlouisbacon.blospot.co.uk; "Le Chateau Noir," formerly available at lechateaunoir.com; "Bahamas Links," formerly available at bahamaslinks.blogspot.com; "Bacon Revealed," formerly available at baconrevealed.com; "Corrupt Louis Bacon" blog, formerly available at corruptlouisbacon.com; "Shady Louis Bacon" blog, formerly available at shadylouisbacon.com; "Kick Louis Bacon Out" blog, formerly available at kicklouisbaconout.com; and "whoislouisbacon" blog, formerly available at whoislouisbacon.wordpress.com.

10. Any and all DOCUMENTS and/or COMMUNICATIONS RELATED TO the Twitter accounts: @mooreonbacon; @moorebacon; @lbacononline; @mooreonbacon1; @moorebacon1; @baconmoore; @baconmoore1; and @louisbaconnews1.

11. Any and all DOCUMENTS and/or COMMUNICATIONS RELATED TO any videos filmed, created, edited or uploaded by the following YouTube users: "Paul Pierce;" "Vincent Roy;" "BahamasNewsNow;" "moorenews1;" "bahamaspublisher;" "Tonya James;" "Felicity Ingraham;" "LadyPhillippa Russell;" "BahamianWitness;" "Renegotiate Org;" "Sebastian Curry;" and "worldlens230."

5

# EXHIBIT B

## EXAMINATION TOPICS

### DEFINITIONS

The Definitions provided in Exhibit A to this Subpoena are incorporated herein by reference.

### TOPICS FOR EXAMINATION

1. Information sufficient to establish the authenticity of all DOCUMENTS produced pursuant to this Subpoena.

2. The subject matters listed in the "Documents To Be Produced" identified in Exhibit A to this Subpoena.