# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

September 16, 2014

VIA ECF

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:   In re Application Pursuant to 28 U.S.C. § 1782, No. 14-Misc-258

Dear Judge Cote:

We write to report on our discussions with the Nygård Companies about redactions to the Section 1782 Filings and the letters to the Court of September 5 and 10, 2014. Following numerous conferences, all counsel agree to redact Petitioners' characterizations of the CBC broadcast and other news stories about Peter Nygård ("Nygård") in the 1782 Filings. Counsel also agree that the sealed Court Letters should be publicly filed and the proper names of Nygård's proxies redacted. Despite counsel's diligent efforts, however, areas of disagreement remain.

The Nygård Companies have not met their heavy burden to deny the public access to the materials in dispute. The Second Circuit recognizes a heavy presumption in favor of public access to judicial documents like those at issue here: "a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). The First Amendment right of access attaches to documents that "have historically been open to the press and general public," where "public access plays a significant positive role in the functioning of the particular process in question." *Id.* at 164. Once attached, the constitutional right "prevails unless it is overcome by specific, on-the-record findings" that sealing or redactions are "necessary to preserve higher values" and only where the redactions are "narrowly tailored to achieve that aim." *Id.* (citation and quotations omitted). The common law imposes another presumption of access and considers "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). This presumption is balanced against "countervailing factors" favoring secrecy, such as privacy interests of those resisting disclosure. *Id.* The Section 1782 filings here constitute "judicial documents" that "are entitled to the strongest presumption of public access." *In re Gushlak*, 2012 WL 3683514, at *3 (E.D.N.Y. July 27, 2012). That presumption attaches immediately upon filing and does not await the Court's rulings on the merits. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006).

Applying this legal framework, the public should not be denied access through blanket redactions to the following relevant evidence before this Court.

1. **Feralio's fears.**[1] The Nygård Companies have not demonstrated any higher values or legitimate countervailing interests to justify denying the public access to Feralio's testimony that he fears Nygård. Petitioners submitted this

---

[1] See Ex. 1 at 1, 4; Ex. 3 ¶¶ 10-13, 15; Ex. 4 ¶¶ 10, 13, 30; Ex. 5 at 3-5, 8-9 & n.1; Ex. 6 at 11; Ex. 7 at 2. All references to "Ex." refer to the exhibits attached to the Nygård Companies' letter submission of today.

GIBSON DUNN

testimony to explain and blunt any potential criticism of Petitioners' relationship with Feralio. As suspected, the Nygård Companies' September 10 letter attacked Petitioners by falsely claiming, "Bacon Buys Feralio, His Testimony, and the Misappropriated Materials." Ex. 6 at 6. In truth, Petitioners responsibly relocated Feralio precisely because he had corroborated fears of retaliation due to Nygård's public reputation and private acts. Following the filing of this action, Nygård confirmed Feralio's fears, recruiting proxies to contact Feralio in an effort to obstruct justice. Feralio's testimony, therefore, is directly relevant both to Petitioners' ongoing relationship with Feralio (which the Nygård Companies now have placed in issue), and the adjudication of Nygård's obstructive efforts (which Petitioners contend bar relief under the doctrine of unclean hands). Feralio's testimony is entitled to the strongest presumption of public access. *See In re Gushlak*, 2012 WL 3683514, at *3.

2. <u>The Smear Campaign</u>. The Nygård Companies have not met their burden of demonstrating that higher values or countervailing interests necessitate redacting the following discrete evidence of the Smear Campaign: (i) the police raid of Mr. Bacon's residence (which marked the beginning of the Smear Campaign);[2] (ii) Nygård's recruitment of Minister Farrakhan to assist with the Smear Campaign (which demonstrates the methods and virulent nature of the Smear Campaign);[3] and (iii) recent protests against Mr. Bacon conducted in furtherance of the Smear Campaign (which evidence the continuing nature of the Smear Campaign).[4] Evidence regarding these events is called for by the subpoenas issued in connection with the 1782 Application, since proof of the existence, means, and methods of the Smear Campaign is relevant to each of the Bahamian lawsuits for which Petitioners seek discovery.[5] In addition, all of these facts are in the public record, in both the Bahamian Lawsuits and on the Internet. It would be anomalous to deny the public access to information in this Court given the widespread public availability of this information. *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 2010 WL 339784, at *1 (S.D.N.Y. Jan. 25, 2010); *Centauri Shipping Ltd. v. W. Bulk Carriers*, 528 F. Supp. 2d 197, 206 (S.D.N.Y. 2007).

3. <u>Publicly-Available Information About Nygård</u>.[6] The public should not be denied access to publicly available news reports about Nygård, such as the CBC broadcast. While Petitioners have agreed to redact characterizations of this material, the law strongly presumes that the publicly available material should not itself be sealed or redacted. *JetBlue Airways Corp. v. Helferich Patent Lic., LLC*, 960 F. Supp. 2d 383, 397 (E.D.N.Y. 2013). That presumption is buttressed by the obvious relevance of the materials, including that Nygård's mistaken belief that Mr. Bacon was responsible for the CBC broadcast explains Nygård's motive for waging the Smear Campaign against Mr. Bacon, Ex. 2 ¶¶ 12, 71, and the substance of the CBC broadcast further informs Feralio's fears of Nygård, *id.* ¶¶ 10-11.

4. <u>Identity descriptors of the proxies Nygård enlisted to obstruct justice</u>.[7] Finally, the Nygård Companies have failed to demonstrate any compelling basis to deny the public access to generic descriptors of the relationship between Nygård and the proxies he recruited to deliver obstructionist messages to Feralio. With the proper names already shielded from public view on consent of Petitioners, the Nygård Companies cannot point to any remaining higher values or countervailing privacy interests to be served by further redacting the generic descriptions at issue, which of course provide the connective tissue between Nygård and the threats.

The public should not be denied access to the materials that the Nygård Companies' seek to redact.

---

[2] Ex. 2 ¶ 46.
[3] Ex. 1 at 3, 11; Ex. 2 ¶ 12(c) & n.5.
[4] Ex. 1 at 2-3, 13; Ex. 2 ¶¶ 14, 91.
[5] Feralio has confirmed that the video footage contains evidence regarding Farrakhan. Ex. 4 ¶ 13.
[6] *See* Dkt. 11-1 Exs. 2-3, 7-8 (exhibits to Afia Decl.).
[7] Ex. 5 at 4-10; Ex. 6 at 9-10 ; Ex. 7 at 1.

GIBSON DUNN

Sincerely,

Orin Snyder

cc:  Marc E. Kasowitz and Aaron H. Marks (by e-mail)
     Steven D. Feldman, counsel for Stephen Feralio (by e-mail)