UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of THE COALITION TO PROTECT CLIFTON BAY and LOUIS BACON for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | Case No. 14 MC 258<br><br>**DECLARATION OF THOMAS A. E. EVANS, Q.C.** |

**DECLARATION OF THOMAS A. E. EVANS, Q.C., IN SUPPORT OF THE MOTION TO INTERVENE AND OPPOSITION TO 28 U.S.C. § 1782 APPLICATION AND TO QUASH SUBPOENA**

I, THOMAS A. E. EVANS, Q.C., pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a senior partner at the law firm of Evans & Co., located at Samuel H. Evans House, Shirley & Christie Streets, Nassau, The Bahamas. I respectfully submit this declaration in support of the motion of Nygård International Partnership, ("Nygård International"), Nygård Inc. ("Nygård Inc.", together with Nygård International, the "Nygård Companies"), and Peter Nygård (collectively, the "Nygård Parties") to intervene and in opposition to the application and petition for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings (the "Application"), and to quash the subpoena filed by Louis Bacon ("Bacon") and The Coalition To Protect Clifton Bay (the "Coalition", and together with Bacon, the "Petitioners").

2. I have been a member of the Bahamas Bar since 1976. I have served as Acting Justice of the Supreme Court of the Commonwealth of The Bahamas in 1989, 1996, and 1998. I have also served as Stipendiary & Circuit Magistrate in 1981 and 1983 and Crown Counsel in the Attorney General's Office of the Government of the Bahamas from 1976 to 1980.

3. I have also served as Treasurer of The Bahamas Bar Association, Chairman of the Ethics Committee of The Bar, and Lecturer and Examiner for The Bahamas Bar Examinations. I

am a former Director of The Central Bank of The Bahamas, Chairman of the Industrial Relations Arbitration Tribunal, as well as a former member of the Judicial and Legal Service Commission of The Bahamas and Lecturer in the Law of Evidence at The Eugene Dupuch Law School. I am considered a leading expert in litigation, with extensive experience in Commercial Litigation, Criminal and Constitutional matters.

4. I was appointed one of Her Majesty's Counsel (Queen's Counsel) in July, 1996. The designation of Queens Counsel is reserved for members of the Bar who have distinguished themselves in the practice of law before the Courts. Hence such appointment must have the support of the Bench, the Bar and the Attorney General before the Prime Minister makes a recommendation to the Governor General for formal appointment.

5. I have been retained by Mr. Nygård to represent him in the judicial review proceedings, *The Queen v. Rt. Hon Perry Christie et al Ex parte Coalition to Protect Clifton Bay*, No. 2013/PUB/jrv/00012 and *The Queen v. Rt. Hon Perry Christie et al Ex parte Coalition to Protect Clifton Bay,* No. 2014/PUB/jrv/00015 (collectively, the "Judicial Review Proceedings"), commenced by the Coalition in the Supreme Court of the Commonwealth of The Bahamas (the "Bahamas Supreme Court"). I also represent Lady Phillippa Russell, the defendant in *Bacon v. Russell*, 2013/CLE/gen/01616 (the "Russell Action"), pending in the Bahamas Supreme Court. My representation of Mr. Nygård is unrelated to my representation of Lady Russell.

6. It is my understanding that the Application seeks discovery from Steven Feralio ("Feralio") in aid of the Judicial Review Proceedings and the Russell Action, as well as in aid of *Bacon v. Brown and McKinney,* No. 2012/COM/gen/00503 (the "Brown Action"); *Bacon v. Williams*, No. 2012/CLE/gen/00923 (the "Williams Action"); *Bacon v. Francis*, No. 2013/CLE/gen/01615 (the "Francis Action"); and *Bacon v. Jones Communications Limited and*

2

*Jones*, No. 2012 CLE/gen/00838 (the "Jones Action"), which were commenced by Bacon in the Bahamas Supreme Court (together with the Russell Action, the "Bacon Proceedings"). I have been asked by counsel in the U.S. representing the Nygård Companies and Mr. Nygård to summarize the Judicial Review Proceedings and the Bacon Proceedings (the "Bahamian Proceedings").

7. I have been made aware of certain undisputed procedural events and have reviewed copies of court filings made in the Bahamian Proceedings. I have also reviewed instructive Bahamas statutes, rules, and case law. The following declaration is based on my review of these materials:

I. **Summary of the Judicial Review Proceedings**

8. On May 17, 2013, the Coalition filed an ex parte application for leave to apply for judicial review and for interlocutory relief in the Bahamas Supreme Court (the "May 2013 Application"). The May 2013 Application named as respondents the Rt. Hon. Perry Christie, the Prime Minister of the Commonwealth of the Bahamas (the "Prime Minister"); the Hon. Philip E. Brave Davis, Deputy Prime Minister of the Commonwealth of the Bahamas (the "Deputy Prime Minister"); the Hon. Glenys Hanna-Martyn, Minister of Transport and Aviation of the Commonwealth of the Bahamas (the "Transport Minister"); the Town Planning Committee (the "Planning Committee", and together with the Prime Minister, the Deputy Prime Minister, and the Transport Minister, the "Government Respondents"); Mr. Nygård; and Keod Smith. The May 2013 Application sought judicial review of the Government Respondents' actions concerning groyne construction, dredging, demolition of an old dock, and building of a new dock on or around Nygård Cay, Mr. Nygård's property in the Bahamas (the "Nygård Cay Work").

9. On June 14, 2013, the Bahamas Supreme Court issued an interim injunction to enjoin the Nygård Cay Work pending trial. The May 2013 Application is currently awaiting the

3

hearing of a recusal application made by the 6th Respondent (Mr. Smith) which is scheduled to be heard on October 7, 2014.

10. On July 7, 2014, the Coalition filed another ex parte application for leave to apply for judicial review and for interlocutory relief in the Bahamas Supreme Court (the "July 2014 Application"). The July 2014 Application named as respondents the Prime Minister, the Deputy Prime Minister, Michael Major, Director of Physical Planning, and the Planning Committee. The July 2014 Application sought judicial review to challenge the actions and decisions of the Respondents since June 18, 2014 in conducting a purported consultation process with a view to retrospectively authorizing the additional Nygård Cay Work, namely, construction and dredging.

11. The July 2014 Application is currently pending, with a hearing scheduled for October 20-21, 2014, in which the Government Respondents will seek to set aside the leave and injunction.

12. In the interim, the Bahamas Supreme Court will not allow the Coalition to seek by way of discovery any document which is unrelated to the matters in question in the action. In the event of a hearing, the Court will not permit the introduction of any evidence that is not relevant to the issues that are live in the case.

**II.   Summary of the Bacon Actions**

13. **The Brown Proceeding**: On April 13, 2012, Mr. Bacon filed an application for a Norwich Pharmacal Order in the Supreme Court of the Commonwealth of the Bahamas against Sherman Brown and Steve McKinney, to recover information generally to support Mr. Bacon's libel actions it appears. A Norwich Pharmacal Order (the "Order") requires a respondent to disclose certain documents or information to the applicant. The respondent must be involved in a wrongdoing, whether innocently or not, and is unlikely to be a party to the potential proceedings. The Order can be obtained pre-action, during the course of an action, and post-

4

judgment and is commonly used to identify the proper defendant to an action or to obtain information to plead a claim. On June 13, 2012, the court granted Bacon's application.

14. On August 7, 2012, Mr. Bacon sought leave to apply for a committal order against both Brown and McKinney. A committal order may be made against a person who has contumaciously refused to comply with a court order within a prescribed period of time. On December 19, 2012, the court granted Mr. Bacon's application for a committal order against Brown and McKinney.

15. Bacon has discontinued the proceeding against McKinney.

16. On January 31, 2013 and July 8, 2013, Brown submitted two affidavits that denied any knowledge or involvement in the matters listed in Bacon's Norwich Pharmacal Order. On August 23, 2013, Bacon sought an evidentiary hearing to cross-examine Brown on his July 8, 2013 affidavit.

17. This entire application is one for discovery, and the evidence will be that contained in the Affidavit that supported the Originating Summons. At this stage, the court has considered all of the evidence that it needed.

18. **The Williams Action**: On July 11, 2012, Bacon filed a defamation action against Williams in the Bahamas Supreme Court. Discovery is ongoing in this action, and trial is scheduled for March 2015.

19. **The Russell Action**: On September 30, 2013, Bacon filed a defamation action against Lady Russell in the Bahamas Supreme Court. Discovery is ongoing in this action, and a trial date has not yet been scheduled.

20. **The Francis Action**: On September 30, 2013, Bacon filed a defamation action against Francis in the Bahamas Supreme Court. Discovery has not yet begun in this action.

21.     **The Jones Action**:  On October 10, 2013, Mr. Bacon filed a defamation action against Jones Communications and Jones in the Bahamas Supreme Court.  On November 5, 2013, Bacon obtained a default judgment against both defendants, and a damages hearing is scheduled for November 2014.

22.     At this stage, discovery is closed.  The Bahamas Supreme Court will consider only evidence that is relevant to the quantum of damages, unless Jones successfully seeks to have the judgment set aside and leave to defend given.  Jones has not moved for such relief.

23.     It is my understanding that Petitioners have entered into an agreement with Feralio, where he agreed to appear in any domestic (within the United States) or foreign (outside of the United States) judicial proceedings related to or concerning the Nygård Parties.  Such agreement avails Feralio to the jurisdiction of the Bahamas Supreme Court and enables the Court to supervise the production by Feralio of documentary and deposition evidence.  In other words, the agreement allows Petitioners to seek discovery from Feralio directly in the Bahamas Supreme Court.  The Respondents are therefore prejudiced by the Petitioners' choice not to produce Feralio in The Bahamas for the purposes of discovery. Indeed Nygård has by Articles 21 and 23 of the Constitution, constitutional rights to privacy and confidentiality to his correspondence.  Further, to the extent that there are Government Respondents, there may be claims of privilege or public interest immunity that can be raised in respect to certain recordings and/or documents that Feralio claims are in his possession.  Both sets of rights The Bahamas Supreme Court would be astute to protect (and would be in the best position to do so).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Nassau, The Bahamas
September 18, 2014

_____
Thomas A. E. Evans, Q.C.