# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

September 22, 2014

VIA ECF

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:     In re Application Pursuant to 28 U.S.C. § 1782, No. 14-Misc-258

Dear Judge Cote:

Petitioners respectfully submit this letter to set forth their positions on the Draft Protective Order ("PO"). Petitioners agree that meaningful restrictions should be placed on the use of any materials produced in discovery in this matter pursuant to a protective order. Petitioners, however, do not agree with Peter Nygård and the Nygård Companies' (collectively, the "Nygård Parties") proposal to use the PO as an iron wall preventing legitimate use of discovery materials in future related proceedings and appropriate law enforcement and regulatory matters. There is no precedent for the suppression of evidence through the overbroad PO that the Nygård Parties seek here.

Petitioners' Draft PO provides broad protections and imposes strict parameters on potential use of discovery materials--more than adequately addressing any confidentiality concerns in this case.[1] For example, it provides the Nygård Parties with the ability to designate as "confidential" "sensitive personal information" and "confidential business information, including, without limitation, non-public financial, customer or commercial information (including trade secrets)." Ex. 1 at ¶¶ 2(a) & (b).[2] In addition, it also gives the Nygård Parties other rights and remedies to ensure discovery materials are used fairly and responsibly. *See, e.g.*, Ex. 1 at ¶¶ 5(c) (deposition transcripts confidential); 7 (prohibiting disclosure except to specified parties); 10 (right to notice of disclosure); 15-18 (inadvertent disclosure protections); 19 (filing under seal); 20-23 (right to notice of legal process).

Despite these robust rights and remedies, the Nygård Parties seek additional limitations on potential future use of discovery materials that are unfair to Petitioners, inject unwarranted inefficiencies, undermine the search for the truth, and are contrary to law and the interests of justice:

First, the Nygård Parties seek to unduly limit the use of 1782 discovery to the seven current litigations in the Bahamas. *See* Ex. 1 at 2, ¶ 7(b)-(f). But courts have specifically held that Section 1782 discovery can be used in other proceedings, including those only "within reasonable contemplation." *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004); *In re Michael Wilson & Partners, Ltd.*, 2007 WL 3268475, at *3 (D. Colo. Oct. 30, 2007) ("the Court rejects any contention that documents may be used only for the proceedings listed in the initial application"); *In re Application of Hill*, 2005 WL 1330769, at *5 n.4 (S.D.N.Y. June 3, 2005) (same). Such a limitation also are contrary to the Federal Rules of Civil Procedure, which govern Section 1782 applications. *See*

---

[1] As promised, Gibson Dunn provided the Nygård Parties with a draft PO on Friday, September 12. The Nygård Parties' counsel circulated proposed comments on the afternoon of Wednesday, September 17. The parties had a meet and confer immediately thereafter, after which the Nygård Parties filed their California action seeking a TRO. After another meet and confer on Friday, September 19, the parties requested permission from the Court to extend negotiations over the weekend.

[2] Attached as Exhibit 1 to this letter is a draft PO reflecting the parties' disagreements. Where provisions are disputed, yellow highlights reflect the Nygård Parties' proposed language, and green highlights reflect Petitioners' proposed language.

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

*Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 134 (E.D.N.Y. 2012) ("[T]here is no merit to the all-encompassing contention that the fruits of discovery in one case are to be used in that case only."); *U.S. v. Hooker Chems. & Plastics Corp.*, 90 F.R.D. 421, 426 (W.D.N.Y. 1981). It is likely that related actions will be filed in the future concerning Bacon and Nygård, and both parties should be free to use any Section 1782 discovery in future, related proceedings. Just last week Nygård filed an action in California related to the proceedings before Your Honor. Under the Nygård Parties' proposed protective order, any information Petitioners obtain in this Section 1782 proceeding would be inadmissible in that state court action.[3] And, since the filing of this Section 1782 Action, a third Judicial Review action has been filed in the Bahamas related to Nygård's environmentally-damaging development plans. Requiring Petitioners to re-file and litigate nearly-identical 1782 proceedings seeking evidence already in their possession every time a lawsuit is filed relating to the Smear Campaign or Nygård's development activities would be an "enormous waste of time and resources for the parties and the court." *See Charter Oak Fire Ins. Co.*, 287 F.R.D. at 134.

Second, the Nygård Parties seek to preclude Petitioners from turning over discovery in this action to governmental authorities. *See* Ex. 1 at ¶ 7(c). As the Court is well aware, it is against public policy to enforce covenants restricting the disclosure of evidence demonstrating criminal or other wrongdoing. *See Chambers v. Capital Cities/ABC*, 159 F.R.D. 441, 444 (S.D.N.Y. 1995). And it is directly contrary to the Second Circuit's Order in another Section 1782 action involving video footage, *see Chevron Corp. v. Berlinger*, No. 10–1918(L), Dkt. 277 (2d Cir. July 15, 2010) (ordering that "[m]aterial produced under this order shall be used by the petitioners solely for litigation, arbitration, or submission to official bodies, either local or international").

Third, the Nygård Parties seek to expand the definition of "Confidential Information" to include "sensitive private matters, including without limitation, depictions or images of the lifestyles of the officers, directors, employees or members of the Parties." Ex. 1 at ¶ 2. This definition is so broad, ambiguous, and self-defining that it is a recipe for abuse, as it would permit the Nygård Parties to designate all of Mr. Feralio's footage "confidential." *Frankel v. N.Y.C. Dep't of--Envtl. Prot.*, 2008 WL 220629, at *1 (S.D.N.Y. Jan. 18, 2008) (holding a proposed definition of Confidential Materials was "too broad, and gives the defendants too much power").

Fourth, the Nygård Parties seek to introduce a "Highly Confidential" category that would permit disclosure only to outside counsel, not our clients. Ex. 1 at ¶¶ 3, 8. Such designations are inappropriate outside the context of a trade secrets dispute among business competitors, *see Infosint S.A. v. H. Lundbeck A.S.*, 2007 WL 1467784, at *2 (S.D.N.Y. May 16, 2007), and create an "impractical burden" in Section 1782 actions on this Court and foreign courts to "continually review document designations." *In re Michael Wilson & Partners, Ltd.*, 2007 WL 3268475, at *3. This category is also unduly vague, as it purports to include materials such as "highly sensitive personal information or matters" and "any information" that a Party believes is not adequately protected with a "Confidential" designation.

The Nygård Parties have not made sufficient factual showings demonstrating good cause for any of their proposed modifications to the Draft PO, as is their burden. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). The Court should adopt Petitioners' Draft PO.

---

[3] The Nygård Parties improperly seek the destruction of 1782 discovery if <u>any</u> Bahamian court finds the materials inadmissible, Ex. 1 at ¶ 25, and no later than 60 days after the conclusion of the Bahamian Actions. *Id.* at ¶ 24. Petitioners agree to destroy or return the 1782 discovery within 1 year of the conclusion of the Bahamian and Related Actions. *Id.* The Nygård Parties' proposals would unfairly prejudice Petitioners, deprive other courts of relevant evidence, and is unprecedented under Section 1782 jurisprudence. *See In re Application of Grupo Qumma*, No. M 8-85, 2005 WL 937486, at *2 (S.D.N.Y. Apr. 22, 2005) ("for use" requirement is not limited to the admission of evidence in the foreign proceeding).

**GIBSON DUNN**

Sincerely,

Orin Snyder

Attachment
cc:   Marc E. Kasowitz and Aaron H. Marks (by e-mail)
      Steven D. Feldman, counsel for Stephen Feralio (by e-mail)