# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                :

In re Application of THE COALITION TO PROTECT  :
CLIFTON BAY and LOUIS BACON for an Order    :
Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for  :    Case No. 14-MC-258
Use in Foreign Proceedings.                       :
                                :

------------------------------------------------------------------x

### [PROPOSED] PROTECTIVE ORDER

WHEREAS, Petitioners The Coalition To Protect Clifton Bay and Louis Bacon (together, "Petitioners") have filed an action under 28 U.S.C. § 1782 (the "Section 1782 Action") to take discovery from Respondent Stephen Feralio ("Respondent");

WHEREAS, Nygård International Partnership, Nygård Inc., and Peter Nygård (collectively referred to herein as the "Nygård Parties") seek to intervene in this Section 1782 Action (Petitioners, Respondent, the Nygård Parties are collectively referred to herein as "Parties," and individually, a "Party");

WHEREAS, the Section 1782 Action seeks discovery from Respondent for use in connection with five lawsuits filed in the Bahamas and two judicial review actions currently pending in the Bahamas, captioned (i) *Bacon v. Brown and McKinney*, No. 2012/COM/gen/00503; (ii) *Bacon v. Jones Communications Limited and Jones*, No. 2012 CLE/gen/00838; (iii) *Bacon v. Williams*, No. 2012/CLE/gen/00923; (iv) *Bacon v. Francis*, No. 2013/CLE/gen/01615; (v) *Bacon v. Russell*, No. 2013/CLE/gen/01616; (vi) *The Queen v. Rt. Hon. Perry Christie et al Ex parte Coalition to Protect Clifton Bay*, No. 2013/PUB/jrv/00012; and (vii) *The Queen v. Rt. Hon Perry Christie et al Ex parte Coalition to Protect Clifton Bay,* No. 2014/PUB/jrv/00015 (the "Bahamian Actions"); and

WHEREAS, the [Parties anticipate potential future lawsuits and/or arbitrations between or amongst themselves and their agents or concerning the subject matters of the Section 1782 Action or the Bahamian Actions (the "Related Actions")]; and

WHEREAS, the Nygård Parties dispute that the discovery sought in this Section 1782 Action is warranted or permissible and the Nygård Parties take the position that the possession, disclosure and use of the materials sought in this Section 1782 Action violates the rights of the Nygård Parties and breaches contractual obligations of Respondent;

[WHEREAS, the Nygård Parties contend that to the extent that any materials are to be produced by Respondent, the Nygård Parties should have the opportunity in the first instance to review such materials and make any appropriate objections or designations as to Respondent's production];

WHEREAS, on September 11, 2014, the Court ordered Petitioners, Respondent, and the Nygård Parties to agree to a protective order to apply to discovery related to this Section 1782 Action, if any is permitted by the Court,

Now therefore, it is hereby ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure the following Protective Order shall govern the use and handling of documents including deposition testimony and transcripts, deposition notices and exhibits, and any other Information (defined below) or material provided, disclosed, produced, given, or exchanged by, between, and among the Parties (and any non-parties, if applicable) in connection with this Section 1782 Action (such documents, information or materials hereinafter referred to as "Covered Material") and any briefs, affidavits or other court documents containing or otherwise disclosing such Covered Material, and any person subject to this Protective Order—including without

limitation the Parties, their representatives, agents, experts and consultants—shall adhere to the following terms:

**Information That May Be Designated Confidential [or Highly Confidential]**

1) The term "Information" as used herein shall include any document as that term is defined in Local Civil Rule 26.3, including, without limitation, electronic or computerized data, audio or video, deposition testimony, deposition exhibits, or any other materials or information disclosed or produced by or on behalf of a Party (or any of its attorneys, representatives or other agents), and all information derived therefrom.

2) "Confidential Information" includes Information that a Party in good faith believes reflects:

   a) sensitive personal information, including, without limitation, private details such as social security numbers, financial information, home addresses, personal email addresses or personal telephone numbers, [and sensitive private matters, including without limitation, depictions or images of the lifestyles of the officers, directors, employees or members of the Parties, and information defined under the Contractor Agreements as confidential that does not fall within the definition of Highly Confidential Information (defined below);]

   b) confidential business information, including, without limitation, non-public financial, customer or commercial information [(including trade secrets)]; [or other competitively or commercially sensitive information] [that a Party believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(l)(G); or]

   c) [information that is subject to contractual confidentiality or non-disclosure provisions; or]

   d) information a Party is legally obligated to keep confidential, [including without limitation, under the laws of the United States or the Bahamas.]

3) ["Highly Confidential Information" includes Information that a Party in good faith believes reflects (a) trade secrets or other information that the Party reasonably believes would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers; (b) highly sensitive personal information or matters; or (c) information that a Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Information.]

**Designation of Covered Materials as Confidential [or Highly Confidential]**

4) Covered Materials (whether disclosed or produced by a Party or a non-party) may be designated as "Confidential" [or "Highly Confidential"] within the meaning of this Protective Order by any Party (or non-party, if applicable) (the "Designating Party").

5) The designation of Covered Material as Confidential [or Highly Confidential] for the purposes of this Protective Order shall be made in the following manner by any Designating Party:

(a) Confidential [or Highly Confidential] Information may be so designated by a Party by providing written notice to all other Parties and/or copies of the Information so designated, stamped, or electronically tagged with the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" [OR "HIGHLY CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER."] For certain tangible media, such as recordings, magnetic media, floppy disks, CD-ROMs, or photographs, a Party may affix such legend to the material or to a container for that material, in any suitable manner. Covered Material that is disclosed or produced in a non-paper medium (*e.g.*, videotape, DVD, CDs, audiotape, recordings, magnetic media, computer disks, hard drives, flash drives, photographs, etc.) by affixing the legend "CONFIDENTIAL -- SUBJECT TO

PROTECTIVE ORDER" [OR "HIGHLY CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER"] on the medium or to a container for that material, in any suitable manner.  Documents produced in PDF or TIFF image format on CD, DVD, hard drive, flash drive, or other non-paper medium shall be marked in the manner provided for in this paragraph.

(b)   The parties agree to treat Covered Material as Confidential for fourteen (14) days following the date of production.  After fourteen (14) days only materials designated as "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" [OR "HIGHLY CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER"] pursuant to paragraph 5(a) above and 5(c) below shall be treated as such. [Nothing herein shall operate as a waiver, and the Nygård Parties expressly reserve their rights to request a procedure whereby they are entitled to make objections, including as to privilege claims and responsiveness, and confidentiality designations, as to the production of any Information by Respondent to any other party before such production is made.]

(c)   For depositions and the transcripts and video recordings of depositions and/or the exhibits thereto, conducted pursuant to the Section 1782 Action, such materials shall be treated as [Highly] Confidential for a period of seven (7) days, or for as many days as the Parties shall agree, after receipt of such deposition transcripts and/or video recordings to allow time for the deponent or counsel for that deponent to notify all Parties of any Confidential [or Highly Confidential] Information designations.  Such designations shall include the transcript page and line number, and video materials (or other storage media)

shall be labeled in accordance with the provisions of this Order.  Confidential [or Highly Confidential] Information also may be designated at the deposition by making a statement for inclusion in the deposition transcript.

**Limitation on Disclosure and Use of Confidential [and Highly Confidential] Information**

6) Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information obtained by such Party independently of discovery in this Section 1782 Action [(except information that was obtained as a result of a breach of this Protective Order, or a breach of any agreement between the Parties)], whether or not such documents, materials, or information also are obtained through discovery in this Section 1782 Action.  [All Covered Material, or information contained therein or derived therefrom, shall be used solely for and in connection with this Section 1782 Action or the Bahamian Actions (but only to the extent permitted by the laws and rules of the Bahamas), and any appeals therefrom, and shall not be used for any other purpose including without limitation, any business or commercial purposes or any other litigation or proceeding.]  By agreeing to this Protective Order the Parties take no position as to the use, discoverability or admissibility in any any action or proceeding of the Covered Material, and each Party expressly reserves its rights to dispute the use, discoverability or admissibility of such Information in any action or proceeding.

7) Confidential Information, except with the prior written consent of the Designating Party who designated it as such, or upon prior order of this Court, shall not be disclosed to any person other than the following:

   a)  the Court and its employees;

   b)  the courts in the Bahamian Actions and its employees (but only to the extent permitted under the laws and rules of the Bahamas and its courts);

c) [any other court, arbitral tribunal, administrative tribunal, disciplinary authority, or governmental authority, as well as employees and support personnel associated with these tribunal and authorities;]

d) outside counsel for the Parties, [regardless of whether they appear] [that have appeared] in this Section 1782 Action, or the Bahamian Actions [or in any Related Action,] and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this Section 1782 Action, or the Bahamian Actions [or in any Related Action] ("Outside Counsel");

e) outside experts (and their employees and support personnel), consultants (and their employees and support personnel), and/or litigation support vendors or services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, and who are expressly retained to assist [outside] counsel for the Parties [have appeared] in this Section 1782 Action, or the Bahamian Actions [(but only to the extent permitted under the laws and rules of the Bahamas)] [or in any Related Action] (collectively, "Outside Litigation Assistants"), and provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential" by the Party responsible for having such report created;

f) court reporters, stenographers, videographers, and translators (or other support personnel) who are retained to translate, transcribe or videotape testimony and/or translate or transcribe video footage in this Section 1782 Action or the Bahamian Actions [or in any Related Action] [(but only to the extent permitted under the rules and laws of the Bahamas)].

g)  as to any document, its author and any person indicated on the face of the document as having received a copy;

h)  during their depositions or at a hearing, subject to the provisions of Paragraph 10, infra, witnesses in this Section 1782 Action, the Bahamian Actions,  [or in any Related Action] to whom the disclosure is reasonably necessary; and

i)  Parties, and/or in-house counsel for a Party employed to perform legal functions who are responsible for overseeing this 1782 Action or the Bahamian Actions or any Related Action ("In-House Counsel"); and the Parties' employees, legal assistants and other support personnel, to the extent that they are assisting In-House Counsel or Outside Counsel in this Section 1782 Action, or the Bahamian Actions [or in any Related Action];

8)  [Highly Confidential Information, except with the prior written consent of the Designating Party that designated it as such, or upon an order of this Court, shall not be disclosed to any person other than the following:

a)  the Court and its employees;

b)  The courts in the Bahamian Actions and its employees (but only to the extent permitted under the laws and rules of the Bahamas and its courts);

c)  outside counsel for the Parties that have appeared in this Section 1782 Action or the Bahamian Actions, and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this Section 1782 Action or the Bahamian Actions;

d)  Outside Litigation Assistants, and provided that any report created by such expert or consultant relying on or incorporating Highly Confidential Information in whole or in part

shall be designated as "Highly Confidential" by the Party responsible for having such report created;

e) as to any document, its author and any person indicated on the face of the document as having received a copy; and

f) Court reporters and videographers, or other persons who are retained to transcribe or videotape testimony in this Section 1782 Action or the Bahamian Actions (but only to the extent permitted under the rules and laws of the Bahamas).]

9) Persons described in Paragraphs 7(a-b), 7(d), 7(f), [7(i)], [8(a-c), and 8(f)] (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court.

10) A Party disclosing Confidential [or Highly Confidential] Information to other persons described in Paragraphs 7 [and 8] first must: (i) advise the recipient that the Information is Confidential [or Highly Confidential] and may only be used in connection with this Section 1782 Action, or the Bahamian Actions [or in any Related Action] [(but only to the extent such use is permitted under the rules and laws of the Bahamas);] and (ii) provide the recipient with a copy of this Order; and (iii) obtain the recipient's execution of a signed certification in the form attached as Exhibit A to this Order ("Certification").   Executed Certifications shall be maintained by counsel who disclosed the Confidential [or Highly Confidential] Information to the persons executing said Certification and shall be served on counsel for the Designating Party Covered Material no later than thirty (30) days after the final disposition of this Section 1782 Action, or the Bahamian Actions [or in any Related Action] including any appeals (whichever occurs latest) but shall be made available to all other Parties upon request.  For the avoidance of doubt, nothing in this paragraph permits a Party to disclose Confidential or

Highly Confidential ] material pursuant to this Protective Order to anyone else other than those persons listed in paragraph 7 [and paragraph 8,] respectively, above.

11) [Nothing in this Order shall prevent any counsel from advising his or her client concerning this Section 1782 Action, the Bahamian Actions, or any Related Action and, in the course of providing such advice, from referring to Confidential Information].

12) Nothing in this Order shall apply to prevent the Parties' (or non-parties', if applicable) use of their own Covered Material in any way they so choose; provided, however, no other Party (or non-party, if applicable) has designated the Covered Material as "Confidential" [or "Highly Confidential"] pursuant to this Protective Order. For the avoidance of doubt, nothing in this Protective Order shall affect any claims or assertions of any Party to the ownership, title, or any interest to any Covered Material.

**Challenges to Confidential Designations**

13) No Party shall be obligated to challenge the propriety of a designation of information as Confidential [or Highly Confidential] Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.

14) If, at any time, a Party objects to the designation of information as Confidential [or Highly Confidential] Information, the objecting Party shall notify the Designating Party in writing. Within fourteen (14) days of the receipt of such notification, counsel for the Designating Party and the objecting Party shall meet and confer in an effort to resolve the objection. If the parties cannot resolve their disagreement, the objecting Party may seek appropriate relief pursuant to the Court's Individual Practices for Discovery Disputes. The Designating Party bears the burden of persuading the Court by a preponderance of the evidence that the Information is entitled to be marked Confidential [or Highly Confidential] as set forth above. Until the dispute

is resolved, the designated material shall be treated as Confidential [or Highly Confidential] Information [, as the case may be,] under this Order.

**Procedures Concerning Inadvertent Disclosure**

15) Failure to designate Confidential [or Highly Confidential] Information as such shall not be deemed a waiver of the Party's claim of confidentiality or other applicable privilege as to such Information or as to the subject matter of such information, and the Party may thereafter designate such information as Confidential [or Highly Confidential].

16) In the event that a Party produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated Confidential [or Highly Confidential] while other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated as Confidential [or Highly Confidential] Information [, as the case may be,] once notice is given of the inconsistent designation. Any Party that becomes aware of the inconsistent designation shall be responsible for giving notice of such inconsistent designation.

17) Inadvertent disclosure of any Information produced in response to a discovery request in this Section 1782 Action that a Party (or non-party, if applicable) later claims should have been withheld on grounds of privilege, including, for example, the attorney-client privilege or the work product doctrine (collectively referred to hereinafter as "Inadvertently Disclosed Information"), will not be deemed to have waived any such privilege as to the Information itself or the subject matter of that Information solely because of the inadvertent disclosure.

18) The procedure for handling Inadvertently Disclosed Information shall be as follows:

a)  A Party may request the return of Inadvertently Disclosed Information by giving notice to each Party to which it produced such Information identifying such Information and stating the basis for its privilege assertion ("Notice of Recall").

b)  In the event that only part of the Inadvertently Disclosed Information is claimed to be privileged or protected, the Party asserting inadvertent disclosure shall furnish to the parties to which it produced the Inadvertently Disclosed Information a redacted [or edited] copy of such Information, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

c)  Upon receipt of the Notice of Recall, a Party shall use reasonable efforts to promptly destroy or return to the Party asserting inadvertent disclosure all copies of the Inadvertently Disclosed Information and refrain from reviewing the same for any purpose. If a receiving Party has already disclosed the Inadvertently Disclosed Information, that receiving Party must take commercially reasonable efforts to retrieve all copies of the Inadvertently Disclosed Information and either destroy or return such materials to the Party asserting inadvertent disclosure.

d)  Within ten (10) business days of receipt of the Notice of Recall, a Party contesting application of the privilege must give written notice to the Party.

e)  Within ten (10) business days of giving notice that the Party is contesting privilege or some other date as may be mutually agreed upon between the parties, the parties shall meet and confer regarding the privilege claim.

f)  If, after compliance with the foregoing steps (a) through (e), a Party contesting application of the privilege concludes that it still disputes the validity of the claim of privilege, it may bring the matter to the Court's attention under Local Civil Rule 37.2 within (i) ten (10) days

after the parties' meet and confer; or (ii) ten (10) days after a Party's request for a meet and confer, in the case that the meet and confer does not timely occur; or (iii) such other time period as to which the applicable Parties have agreed in writing; or (iv) such time required pursuant to a Court order.

g) If the recall of the Inadvertently Disclosed Information is made during the taking of a deposition or shortly before the occurrence of a deposition, the examining counsel, defending counsel, and counsel for the Party shall meet and confer in good faith at the earliest possible opportunity and in any event prior to the conclusion of the deposition to determine appropriate steps under the circumstances. In the event the parties cannot agree to the appropriate steps under the circumstances, the Inadvertently Disclosed Information shall not be used at the deposition. In the event the claim of privilege is withdrawn or the Court determines the Inadvertently Disclosed Information not to be subject to a valid claim of privilege after the deposition has concluded, if examining counsel and defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether, and to what extent, a reopening of the deposition may be necessary.

h) If a request for an informal conference pursuant to Local Civil Rule 37.2 has been denied or the discovery dispute has not been resolved as a consequence of such conference, no Party moving the Court for an Order compelling production of the material shall assert as ground for entering such an Order that the Party waived any privilege because of the inadvertent disclosure.

**Filing Under Seal**

19) In the event a Party wishes to file with a court any Covered Material designated as Confidential [or Highly Confidential] Information, or any pleading, motion, or other paper filed with a court

- 13 -

containing or disclosing Confidential [or Highly Confidential] Information not so designated by the filing Party, the filing Party shall file such Covered Material (or any references thereto or information derived therefrom) under seal with the clerk of the court, or follow such local procedures as are available to seal or to seek otherwise to maintain confidentiality of the filing. The filing Party shall contemporaneously notify the other Parties that such a filing has been made. In cases of filings of submissions made to this Court, the Party shall have at least seven (7) days to submit a declaration explaining why the Confidential [or Highly Confidential] Information should remain under seal. The Clerk of the Court shall keep the Information under seal until further order of the Court. The parties will use their best efforts to minimize such sealing, and the Court retains discretion whether to afford confidential treatment to any Covered Material filed with the Court.

**Legal Process**

20) If a Party in possession of Covered Material designated as Confidential [or Highly Confidential] by another party (or non-party, if applicable) is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court, regulatory or administrative agency, legislative body or other person or entity (including without limitation any such entities in the Bahamas) that seeks disclosure of such Covered Material (the "Receiving Party"), the Receiving Party must notify, to the extent permitted by law, the Designating Party, in writing, and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than ten (10) calendar days after receipt unless production is required earlier. [in which case the notice must be made in time for the Designating Party to take steps as set forth below.]

21) The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process to issue that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process to issue.  [The Receiving Party shall not produce the requested Covered Material (or materials referencing or derived from Covered Material) unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, (b) fails to file a motion to quash or fails notify the Receiving Party in writing of its intentions to contest the production of the Covered Material prior to the date designated for production, in which event the Party may produce on the production date, but no earlier. ] If any production of Covered Material subject to this Order is made in response to such legal process, the Receiving Party shall request confidential [or highly confidential] treatment of such Covered Material, as the case may be.

22) The purpose of these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burdens and expenses of seeking protection in that matter or proceeding of its Covered Materials.  Nothing in these provisions should be construed as authorizing, requiring or encouraging a Party to disobey, or to risk contempt of, a lawful directive from another court.

23) In the event that Covered Material designated as Confidential [or Highly Confidential] is produced to a non-party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, regulatory or administrative body

- 15 -

or agency, legislative body or other person or entity (whether in the United States or the Bahamas or elsewhere), such Covered Material shall continue to be treated in the Section 1782 Action or the Bahamian Action in accordance with any designation as Confidential [or Highly Confidential] [unless such Covered Material is in the public domain][(except information that was obtained as a result of a breach of this Protective Order, or a breach of any agreement between the Parties)].

**Procedures Upon Termination of the Section 1782 Action [and Bahamian Actions]**

24) All provisions of this Protective Order restricting the use of Information obtained during the pendency of the Section 1782 Action shall continue to be binding after its conclusion, including settlement or judgment and all appeals, until further order of the Court, unless the Parties agree otherwise in writing, [and except to the extent necessary for counsel to defend its conduct if such conduct is challenged in a collateral or pending action.]  Any and all originals and copies of documents or other Covered Material shall be destroyed or (at the expense of a Party) be returned to a Party, within [one year] [sixty (60) days] after a final judgment (and all appeals therefrom) in or settlement of this Section 1782 Action the Bahamian [Actions, and any Related] Action (whichever is latest), except that outside counsel for each Party [whether or not counsel of record)] may maintain in its files copies of each pleading and litigation document filed with this Court or any court in the Bahamian Actions [or Related Action], deposition transcripts or exhibits thereto, or copies of documents filed with this Court or [any court or any litigation, arbitration, or submission to official bodies, either local or international,] in the Bahamian Actions [or in any Related Action] that contain Confidential [or Highly Confidential] Information.  If the possessing Party elects to destroy the Confidential [or Highly Confidential] Information rather than return it, the possessing Party shall provide

- 16 -

the Party written certification within fourteen (14) days that the destruction has been completed using commercially reasonable efforts.  This paragraph does not create an obligation to return or destroy attorney work product or attorney-client communications that contain or reflect Confidential [or Highly Confidential] Information.  Nothing in this provision shall limit the right, if any, of any Party to object to, and seek a ruling of the Court concerning, a Party's retention of any Information produced.  To the extent any person or entity retains copies of Covered Material pursuant to the terms of this paragraph, such Covered Material shall continue to be subject to the protections provided by this Order.  In addition, all restrictions in this Order regarding the use by any person or entity of anything contained in or obtained from the Covered Material shall continue even after such Covered Material is returned or destroyed.

25) [If a Bahamian court (or other applicable authority) determines that any part or portions of the Covered Material obtained through the Section 1782 Action cannot or should not be used, or is prohibited or precluded from being used, in the Bahamian Actions, all such Covered Material shall destroyed or returned to the Designating Party within sixty (60) days of such determination (and any appeals therefrom).]

**Miscellaneous**

26) Agreeing to this Protective Order and/or producing or receiving Confidential [or Highly Confidential] Information pursuant to, or otherwise complying with the terms of, this Protective Order shall not:

a)  operate as an admission that any discovery is appropriate or warranted in any litigation or proceeding;

b)  operate as an admission by any Party that any particular Covered Material designated Confidential [or Highly Confidential] contains or reflects Confidential [or Highly Confidential] Information;

c)  prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party (or non-party, if applicable) to be Confidential [or Highly Confidential]  Information;

d)  prejudice in any way the rights of any Party (or non-party, if applicable) to object to the relevancy, authenticity, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

e)  prejudice in any way the rights of any Party (or non-party, if applicable)  to seek a determination by the Court whether any Covered Material, whether Confidential [or Highly Confidential] or not, should be subject to the terms of this Protective Order;

f)  prejudice in any way the rights of any Party (or non-party, if applicable) to petition the Court for a further protective order relating to any Confidential [or Highly Confidential] Information

g)  prejudice in any way the rights of any Party (or non-party, if applicable) to move the Court to broaden or restrict the right of access to and use of particular Covered Material;

h)  prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Covered Material; or

i)  be construed as an agreement by any person or entity to produce or supply any document, or as a waiver by any person or entity of its right to object to the production of any

document, or as a waiver of any claim of privilege with respect to the production of any document;

j)  be construed or operate as a waiver of any claim of domestic or foreign privilege or immunity with respect to the production of any document or Information; or deemed to modify or otherwise alter any applicable privileges, immunities or prohibitions against disclosure of documents or information under domestic or foreign laws or regulations; and

k)  be construed or operate as a waiver of any rights or arguments any Party may have with respect to any disputes concerning the ownership or other interest to any Covered Material.

27) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

28) [Notwithstanding anything to the contrary herein:

a)  Any papers filed under seal in this Section 1782 Action shall be made part of the public record on or after October 1, 2019 unless the Court otherwise orders.

b)  Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.]

**SO ORDERED.**

Dated: September ___, 2014

                              The Hon. Denise L. Cote
                              UNITED STATES DISTRICT JUDGE

- 19 -

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
                                                                  :
In re Application of THE COALITION TO PROTECT        :
CLIFTON BAY and LOUIS BACON for an Order             :   Case No. 14-MC-258
Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for  :
Use in Foreign Proceedings.                                        :
                                                                  :
                                                                  :
------------------------------------------------------------------x

**CERTIFICATION RE: CONFIDENTIAL
AND [ HIGHLY CONFIDENTIAL] INFORMATION**

I, _____, hereby certify (i) my understanding that

[Covered Material] and/or Confidential [or Highly Confidential] Information are being

provided to me pursuant to the terms and restrictions of the Protective Order (the "Order")

entered by the United States District Court for the Southern District of New York in the

above-captioned action, and (ii) that I have read the Order.

I understand the terms of the Order, I agree to be fully bound by the Order, and I

hereby submit to the jurisdiction of the United States District Court for the Southern

District of New York for purposes of enforcement of the Order.

I understand that any violation of the terms of the Order shall be punishable by relief deemed appropriate by the Court.

Signature: _____

*Please Print or Type the Following*

Name: _____

Title and Affiliation: _____

Company: _____

Address: _____

_____

Telephone: _____

Date: _____