KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
MKASOWITZ@KASOWITZ.COM

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON, DC

September 22, 2014

BY E-FILING

The Honorable Denise L. Cote
United States District Court for the
   Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: *In re Application of The Coalition To Protect Clifton Bay*, No. 14 MC 258 (S.D.N.Y.)

Dear Judge Cote:

    We write in accord with the Court's September 11, 2014 Order to advise that the parties have met and conferred regarding a proposed Protective Order concerning discovery, if any, in this Action. Unfortunately, we have not been able to reach agreement with the petitioners on several provisions of the proposed Protective Order.[1] Below we address the most significant provisions to which the parties have not reached an agreement and explain why we respectfully submit that the Court should adopt the Nygård Parties' proposed language. Further, given the importance of a protective order governing discovery from Mr. Feralio -- who has no interest in protecting the Nygård Parties' information -- particularly in light of petitioners' repeated efforts to publicize scandalous allegations about Mr. Nygård, we respectfully request that the Court schedule a conference to address these issues.

    Consistent with their overall strategy of using this Action as an improper fishing expedition, petitioners seek Protective Order provisions that provide for use of the sensitive confidential information sought in this Action in unidentified actions other than the Bahamian Actions -- the sole basis for their Application -- and provide unduly narrow protections for the Parties' information. As the Court explained at the September 11 conference, a protective order should be put in place here to permit responsive documents, if any, to be provided to the appropriate Bahamas court, or be returned or destroyed if not of use in the Bahamian Actions. (Sept. 11, 2014 Conf. Tr. ("Tr."), at 13.) Consistent with this directive, we respectfully request that the Court adopt the Nygård Parties' proposed language for the Protective Order.

    **1. "Use" and "Related Actions" Provisions.** Petitioners object to the inclusion in the Protective Order of a provision that is common to most such orders, namely a provision that limits the use of the discovery produced herein to this Action and the Bahamian Actions, and insist on including provisions allowing discovery in this Action to be used in unidentified and not yet filed so-called "Related Actions" that petitioners contend the parties "anticipate." (*See* PO at 2, ¶¶ 7, 10, 11, 24.) Petitioners' proposal is premature, and an abuse of Section 1782 because, among other things, it would have this Court sanction in advance pre-filing discovery

---

[1]     A copy of the proposed Protective Order reflecting the parties' agreements and disagreements is attached to petitioners' September 22, 2014 letter, and we refer to it herein as the "Protective Order" and/or "PO."

for actions -- including in the United States -- that petitioners may one day bring, but as of yet have not identified or filed, thereby eviscerating Section 1782's requirement that the discovery sought is for "use" in a foreign proceeding. *See, e.g., In re Petition of Certain Funds*, 14 Civ. 1801 (NRB), 2014 U.S. Dist. LEXIS 95578, at *17-20 (S.D.N.Y. July 4, 2014) (rejecting § 1782 application for planned, but not yet filed actions). Petitioners' proposal that information produced here can be provided to any unidentified court or governmental entity beyond this Court and the Bahamian courts is a similar abuse of Section 1782.[2] (*See* PO ¶ 7(c).) Moreover, petitioners' proposals would have the prejudicial effect of essentially compelling the Nygård Parties to waive any argument *ab initio* that discovery obtained here is improper in the unidentified "Related Actions" without knowing the scope of or relevance to those proceedings.

      **2. Scope of "Confidential" Designation.** Petitioners also insist on an unduly narrow definition of "Confidential" in the Protective Order. (*See* PO ¶ 2.) They ignore the fact that the video files they seek were all made under the umbrella of strict confidentiality agreements, and as non-judicial documents, there is no presumption of a right to access to these documents, and thus should be kept confidential in discovery. As the Court acknowledged at the September 11 conference, in light of the confidentiality agreements, "any materials" produced in this Action should be subject to a Protective Order.[3] (Tr. at 13.)

      **3. "Highly Confidential" Designation.** Because the Nygård Parties are not certain what information is on the video files of which petitioners seek discovery, we proposed a "Highly Confidential" designation that will prohibit the disclosure to the Parties and their employees in case there is highly sensitive commercial or personal information that is contained on the files. (*See* PO ¶¶ 3, 8.) Petitioners are of course protected from the potential over-designation in this category (and any category) by having the right to challenge any designation.

      **4. Destruction of Inadmissible Documents.** At the September 11 conference, the Court specifically noted that if the Bahamian court determines that the discovery from this Action may not be used in the Bahamian Actions, then "[the Court] assume[d] that they should be returned or destroyed or something." (Tr. at 13.) In accord with this instruction, we included such a provision, but petitioners refuse to agree to it. (PO ¶ 25.) They contend that even if the discovery is not permitted to be used in the Bahamas, they should be entitled to keep the documents for use in other proceedings. As noted above, given the personal, private, and business confidential nature of this information, if the Bahamian courts reject the discovery of information produced here, it should be destroyed.

      Finally, although there are a number of other disputes among the Parties that are not addressed in this letter, the significance and prejudice of such language is evident on its face.[4]

---

[2] District Judge Buchwald rightly cautioned in *Certain Funds*, "[c]ourts must . . . guard[] against the potential that parties may use Section 1782 to investigate whether litigation is possible in the first place, putting the cart before the horse. The latter situation is not an appropriate one for a court to compel discovery." 2014 U.S. Dist. LEXIS 95578, at *18; *see also Norcast v. Castle Harlan, Inc.*, 12 Civ. 4973 (PAC), 2014 U.S. Dist. LEXIS 1197, at *30 (S.D.N.Y. Jan. 6, 2014) (refusing to amend protective order to allow use in unidentified future proceedings).

[3] *See* Fed. R. Civ. P. 26(c) (party may be protected from "annoyance, embarrassment, [or] oppression").

[4] (*See* PO at 2, ¶¶ 5(b), 6, 7(d) - (f), 9-11, 18(b), 20-21, 23-24, 28 (addressing disputes not discussed above).)

Thank you for consideration of these matters.

Respectfully,

Marc E. Kasowitz

cc: Counsel for Petitioners (by e-mail)
Counsel for Stephen J. Feralio (by e-mail)