UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re Application of THE COALITION TO PROTECT       :   Case No. 14 MC 258
CLIFTON BAY and LOUIS BACON for an Order            :
Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for :   DECLARATION OF
Use in Foreign Proceedings.                         :   AVI WEITZMAN
                                                            :
------------------------------------------------------s-----x

# DECLARATION OF AVI WEITZMAN IN SUPPORT OF PETITIONERS' APPLICATION PURSUANT TO 28 U.S.C. § 1782 AND IN OPPOSITION TO THE NYGARD PARTIES' MOTION TO INTERVENE AND TO QUASH THE SUBPOENAS

I, AVI WEITZMAN, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court. I am of counsel at the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for The Coalition to Protect Clifton Bay (commonly referred to as "Save The Bays") and Louis Bacon (collectively, "Petitioners") in this action. I respectfully submit this declaration in support of Petitioners' application for discovery pursuant to 28 U.S.C. § 1782 from Stephen Feralio ("Section 1782 Action"), and in opposition to the motion of Nygård International Partnership ("Nygård International"), Nygård Inc. ("Nygård Inc.," together with Nygård International, the "Nygård Companies"), and Peter Nygård (collectively, the "Nygård Parties") to intervene and quash the subpoenas filed by Petitioners in the Section 1782 Action.

2.  Attached hereto as Exhibit A is a true and correct copy of the transcript of proceedings held on September 11, 2014 in this action.

3.  Attached hereto as Exhibit B is a true and correct copy of the transcript of proceedings held on September 18, 2014 in *Nygård Int'l P'ship et. al. v. Feralio et al.*, No. BC558003 (Cal. Super. Ct.).

4.     Attached hereto as Exhibit C is a true and correct copy of an excerpt from The Dictionary of Canadian Law (3d ed. 1948), which provides a definition of the term "attorn."

5.     Attached hereto as Exhibit D is a true and correct copy of Nygård International's Application for an Order to Take Discovery Pursuant To 28 U.S.C. §1782, dated December 4, 2009, filed in *Nygård Int'l P'ship v. Canadian Broadcasting Co. et. al.*, 09-mc-80310-JW (N.D. Cal.), Dkt. No. 1.  This application sought discovery from Google for use in an action filed in Canada against the Canadian Broadcasting Corporation (the "CBC") and certain individual defendants alleging, among other claims, intentional interference with contract, conversion, and conspiracy, arising from a television broadcast about Nygård on the Fifth Estate program entitled "Larger than Life" (the "Fifth Estate Program"), and further alleging that through their participation in the CBC broadcast, two former Nygård employees breached the confidentiality provisions of their employment agreements.  *See id.* at 2 of 7.

6.     Attached hereto as Exhibit E is a true and correct copy of Nygård International's Proposed Order for Discovery Pursuant to 28 U.S.C. §1782, dated December 4, 2009, in *Nygård Int'l P'ship v. Canadian Broadcasting Co. et al.*, 09-mc-80310-JW (N.D. Cal.), Dkt. No. 4, attaching the proposed subpoena for documents.

7.     Attached hereto as Exhibit F is a true and correct copy of Peter Nygård and Nygård International's Statement of Claim, dated April 10, 2012, in *Peter Nygård et al. v. Canadian Broadcasting Co. et al.*, No. CI 12-01-77287 (Winnipeg Centre 2012) (Canada), accusing the CBC and certain of its employees of defamation in connection with the broadcast of the Fifth Estate Program.

8.     Attached hereto as Exhibit G is a true and correct copy of Nygård International's Order to Show Cause for a Preliminary Injunction, dated February 3, 2010, in *Nygård Int'l*

*P'ship v. Canadian Broadcasting Corp.*, No. 09 Civ. 10298 (PGG) (S.D.N.Y.), Dkt. No. 9, seeking to enjoin the CBC from reproducing and/or distributing video footage CBC recorded of a Nygård International fashion show and alleging that use of such footage in the Fifth Estate Program violated Nygård's copyrights and that CBC trespassed to obtain the footage.

9. Attached hereto as Exhibit H is a true and correct copy of Nygård International's Memorandum of Law in Support of Its Motion for a Preliminary Injunction, dated February 2, 2010, in *Nygård Int'l P'ship v. Canadian Broadcasting Corp.*, No. 09 Civ. 10298 (PGG) (S.D.N.Y.), Dkt. No. 13.

10. Attached hereto as Exhibit I is a true and correct copy of the transcript of proceedings held on March 5, 2010, in *Nygård Int'l P'ship v. Canadian Broadcasting Corp.*, No. 09 Civ. 10298 (PGG) (S.D.N.Y.), at which the Court denied Nygård International's motion for a preliminary injunction, finding that "Nygard has not demonstrated either a threat of irreparable harm or a likelihood of success on the merits" and noting "the weaknesses of Nygard's case." (Tr. 56:2-4).

11. Attached hereto as Exhibit J is a true and correct copy of the Court Order, dated March 5, 2010, in *Nygård Int'l P'ship v. Canadian Broadcasting Corp.*, No. 09 Civ. 10298 (PGG) (S.D.N.Y.), Dkt. No. 30, denying Nygård International's motion for a preliminary injunction.

12. Attached hereto as Exhibit K is a true and correct copy of Nygård International's Amended Statement of Claim, dated April 27, 2009, in *Nygård Int'l P'ship v. Canadian Broadcasting Co. et. al.*, No. C1 09-01-60400 (Winnipeg Centre 2009) (Canada), asserting claims for breach of confidence, breach of employment contract, interference with economic

interest, conversion, and conspiracy against the CBC, certain of its employees, and two former Nygård employees allegedly involved in the Fifth Estate Program.

13. Attached hereto as Exhibit L is a true and correct copy of two "Informations," dated March 30, 2011 and May 27, 2012, sworn by Alick Morrison, Peter Nygård's Investigator, in the Provincial Court of Manitoba in Winnipeg, Manitoba, Canada, in support of Peter Nygård's private criminal prosecution for "defamatory libel" under the Canadian Criminal Code against the CBC and certain individual defendants resulting from the Fifth Estate Program.

14. Attached hereto as Exhibit M is a true and correct copy of Nygård International's Statement of Claim, dated February 22, 2012, in *Nygård Int'l P'ship v. Canadian Broadcasting Co. et. al.*, No. T-404-12 (Winnipeg 2012) (Canada), alleging that the CBC's broadcast of the Fifth Estate Program was a breach of Canadian copyright law.

15. Attached hereto as Exhibit N is a true and correct copy of the Nygård Parties' First Amended Complaint, dated February 27, 2014, in *Nygård et al. v. Jasper et al.*, No. 14 Civ. 1313 (PGG) (S.D.N.Y.), Dkt. No. 28, asserting defamation claims against the creators and developers of certain blog posts about Mr. Nygård's personal life.

16. Attached hereto as Exhibit O is a true and correct copy of the California Court of Appeals February 17, 2005 decision in *Nygård v. Oy*, B168313, 2005 WL 375517 (Cal. App. 2d Dist. 2005), reflecting that Peter Nygård retained Nadrich & Associates and Martin A. Fine as counsel.

17. Attached hereto as Exhibit P is a true and correct copy of the New York Supreme Court, Appellate Division, April 7, 2011 decision in *Joan Hansen & Co., Inc. v. Nygard Int'l.*, 83 A.D.3d 447 (1st Dept. 2011), reflecting that Nygård International retained Eaton & Van Winkle LLP as counsel.

18.     Attached hereto as Exhibit Q is a true and correct copy of the docket from *Nygard, Inc. vs. Wine & Rose, Etc., et. al.*, Case No. BC062608, filed August 21, 1992, in the Los Angeles Supreme Court, reflecting that Nygård Inc. retained Parker, Milliken, Clark, and O'Hara et al, as counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York, on September 24, 2014

AVI WEITZMAN