UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of THE COALITION TO PROTECT CLIFTON BAY and LOUIS BACON for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | Case No. 14 MC 258 |

# REPLY IN FURTHER SUPPORT OF THE MOTION TO INTERVENE AND OPPOSITION TO 28 U.S.C. § 1782 APPLICATION AND TO QUASH SUBPOENA

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP

Marc E. Kasowitz
Aaron H. Marks
Kenneth R. David

1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Nygård International Partnership, Nygård Inc., and Peter Nygård*

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AGI West Linn of Appian Grp. Investors DE LLC v. Eves*,
   217 Cal. App. 4th 156 (1st Dist. 2013) ........................................................................................4

*Aurelius Capital Partners v. Republic of Arg.*,
   2013 U.S. Dist. LEXIS 32459 (S.D.N.Y. Mar. 7, 2013) ...........................................................2

*Benard v. Walkup*,
   272 Cal. App. 2d 595 (1st Dist. 1969) .........................................................................................4

*Binder v. Aetna Life Ins. Co.*,
   75 Cal. App. 4th 832 (2d Dist. 1999)...........................................................................................4

*CQL Original Products, Inc. v. Nat'l Hockey League Players' Ass'n*,
   39 Cal. App. 4th 1347 (4th Dist. 1995)........................................................................................5

*Floyd v. City of New York*,
   2014 WL 3765729 (S.D.N.Y. July 30, 2014) ..............................................................................3

*In re Application of Leret*,
   2014 WL 2803573 (D.D.C. June 20, 2014).................................................................................3

*In re Certain Funds, Accounts, and/or Inv. Vehicles*
   *Managed by Affiliates of Fortress Inv. Group LLC*,
   2014 U.S. Dist. LEXIS 95578 (S.D.N.Y. July 8, 2014) ..............................................................4

*In re Chevron Corp.*,
   736 F. Supp. 2d 773 (S.D.N.Y. 2012)..........................................................................................2

*In re OOO Promnefstroy*,
   2009 U.S. Dist. LEXIS 98610 (S.D.N.Y. Oct. 15, 2009) .......................................................3, 4

*Kupferman v. Consolidated Research & Mfg. Corp.*,
   459 F.2d 1072 (2d Cir. 1972).......................................................................................................2

*Liberty Mut. Ins. Co. v. Donegan*,
   746 F.3d 497 (2d Cir. 2014) ........................................................................................................3

*Nelson v. Greenspoon*,
   103 F.R.D. 118 (S.D.N.Y. 1984) .................................................................................................2

*O'Keefe v. Boeing Co.*,
   38 F.R.D. 329 (S.D.N.Y. 1965) ...................................................................................................2

*Palumbo v. Shulman*,
  1998 WL 720668 (S.D.N.Y Oct. 13, 1998) ................................................................................ 2, 3

*Schmitz v. Bernstein, Liebhard & Lifshitz, LLP*,
  376 F.3d 79 (2d Cir. 2004) ................................................................................................................ 5

*SEC v. Downe*,
  1993 U.S. Dist. LEXIS 753 (S.D.N.Y. Jan. 26, 1993) ................................................................ 2

*Sparks v. Seltzer*,
  2006 WL 2358157 (E.D.N.Y. Aug. 14, 2006) ........................................................................... 3

**Statutes**

28 U.S.C. § 1782 ................................................................................................................... *passim*

Fed. R. Civ. P. 24 .......................................................................................................................... 2

Petitioners' submission highlights the Application's insurmountable flaws.[1] Petitioners do not – because they cannot – cite a single decision granting a Section 1782 petition where the witness volunteered to testify in the underlying foreign proceeding.  On July 31, 2014, Feralio and Petitioners executed an agreement by which Bacon would pay Feralio millions of dollars for Feralio to voluntarily testify or otherwise participate in <u>any</u> domestic or foreign proceeding involving the Nygård Parties.  Petitioners' and Feralio's claim that he is too fearful to travel to the Bahamas is belied by, among other things, that as of July 31, the only proceedings involving the Nygård Parties were in the Bahamas, and Feralio agreed to appear there notwithstanding that he already supposedly feared "for his personal safety and security."  (Feralio Decl. Ex. 1, ¶ 15.)

Petitioners also cannot legitimately dispute that the Subpoena should be quashed as an abuse of the discovery process because Feralio's possession of the Misappropriated Materials is unlawful.  The clear language of the Contractor Agreements − that "[a]ny items created or obtained by [Feralio] . . . belong exclusively to Nygård" − plainly trumps Petitioners' new and unsupported claims of "industry custom" and waiver.

Faced with legal burdens they cannot meet, Petitioners again resort to lashing out at Mr. Nygård with unsubstantiated allegations of purported misconduct that have nothing to do with this proceeding.  Petitioners' new allegations of Mr. Nygård allegedly yelling at an employee and being acquainted with Bahamian government officials still cannot justify granting relief to which Petitioners clearly are not entitled.[2]

---

[1] Capitalized terms not defined herein shall have the meaning in the Nygård Parties' opening memo ("Nygård Memo") and the Petitioners' supplemental memo of law in support of the Application and in opposition to the Nygård Memo ("Response").  Also, submitted herewith in further support of the Nygård Memo is the supplemental declaration of Daane Clifford, dated September 29, 2014 ("Clifford Supp. Decl.").

[2] Out of respect for the Court and due to space constraints, the Nygård Parties do not address Petitioners' incessant and utterly irrelevant personal attacks on Mr. Nygård.  It must be said, however, that these attacks have nothing to do with this proceeding and lack any factual basis whatsoever.

## ARGUMENT

I.  **The Nygård Parties Satisfy Rule 24 And Have Standing To Intervene**

Petitioners incorrectly claim that the Nygård Parties' motion to intervene should be denied because it did not include a satisfactory pleading under Fed. R. Civ. P. 24(c). Where, as here, the filed papers provide adequate notice of the grounds for intervention, "the failure to comply with the technical requirements of Rule 24(c) does not bar consideration of the motion on the merits." *SEC v. Downe*, 1993 U.S. Dist. LEXIS 753, at *44 n.8 (S.D.N.Y. Jan. 26, 1993) (citing *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1074 n.1 (2d Cir. 1972)). The Nygård Memo gave Petitioners ample notice regarding the relief sought. As such, Petitioners "exalt form over substance." *Nelson v. Greenspoon*, 103 F.R.D. 118, 121 (S.D.N.Y. 1984); *accord O'Keefe v. Boeing Co.*, 38 F.R.D. 329, 330 (S.D.N.Y. 1965) ("affidavit and claim of privilege" provided the necessary "pleading" under Rule 24 to oppose discovery). Notably, Petitioners cite no cases denying a motion to intervene in a Section 1782 proceeding or objections to a subpoena on these grounds.

Petitioners also incorrectly assert that the Nygård Parties did not establish standing. At the September 11 hearing, the Court correctly recognized that standing to quash exists upon an assertion of privilege or potentially "some right other than privilege." (Weitzman Decl., Ex. A at 9:20-10:12.) As shown (Nygård Memo at 5-6), a party has standing to object to and move to quash a subpoena if it asserts a legitimate privacy interest.[3] *See Aurelius Capital Partners v. Republic of Arg.*, 2013 U.S. Dist. LEXIS 32459, at *24 (S.D.N.Y. Mar. 7, 2013) (party has standing because subpoena sought private financial information); *Palumbo v. Shulman*, 1998 WL 720668, at *1 (S.D.N.Y Oct. 13, 1998) (standing found where documents belong to defendant

---

[3]  *In re Chevron Corp.*, 736 F. Supp. 2d 773, 779-780 n.20 (S.D.N.Y. 2012), cited by Petitioners, does not hold otherwise. (Nygård Memo at 5.) Moreover, the Nygård Parties' position is supported by numerous other decisions in this District. (*Id.* at 5-6.)

2

and not subpoenaed non-party); *Sparks v. Seltzer*, 2006 WL 2358157, at *4 (E.D.N.Y. Aug. 14, 2006) (standing found where information sought from former employee was covered by confidentiality agreement). Here, the material sought through the Subpoena is unquestionably the Nygård Parties' private information that is subject to confidentiality agreements.[4] Moreover, the Nygård Parties also have standing to assert privilege claims.[5] (Nygård Memo at 6.)

## II. Petitioners' Section 1782 Application Should Be Denied

There is no precedent for granting a Section 1782 application where, as here, the witness is volunteering to participate in the underlying foreign proceeding. *See In re Application of Leret*, 2014 WL 2803573, at *3 (D.D.C. June 20, 2014) (relying on the first *Intel* discretionary factor alone to deny application where subpoenaed party agreed "to make himself available for discovery requests in the country and court where the underlying legal disputes are being litigated"). Petitioners' contention that Feralio is too fearful to honor his obligation to participate in the Bahamian Actions,[6] is belied by the Compensation Agreement's very terms. (Feralio Decl. Ex 1, §§ 15, II(A)(2).) The Court should disregard Feralio's spurious claims.[7] *See In re*

---

[4] Petitioners' Article III argument is a red herring. Their cited cases recognize that the Second Circuit does not require "a would-be plaintiff-intervenor to satisfy Article III standing." *Floyd v. City of New York*, 2014 WL 3765729, at *48 (S.D.N.Y. July 30, 2014). In any event, the potential dissemination of the Nygård Parties' private and confidential information establishes Article III standing. *See Liberty Mut. Ins. Co. v. Donegan*, 746 F.3d 497, 502 (2d Cir. 2014) (party seeking to quash non-party subpoena has Article III standing).

[5] At this stage, the Nygård Parties cannot be required to assert privilege objections, because they do not possess and have not reviewed what Feralio may produce. The Nygård Parties have a good faith belief that the Misappropriated Materials may contain privileged information. (Nygård Memo at 6.) Feralio's purported lack of recollection of recording meetings with counsel cannot vitiate all privilege claims that the Nygård Parties may have to thousands of hours of video that Feralio has not reviewed. Similarly, Petitioners' arguments that any privilege was waived or that the crime-fraud exception applies are without merit and will be addressed at the appropriate time.

[6] Petitioners' and Feralio's statements in this regard are carefully worded – Petitioners: "Petitioners have no intention of requesting that Mr. Feralio travel to the Bahamas" (Response at 9 (emphasis added)); Feralio: "I . . . have no intention to return to the Bahamas" (Feralio Supp. Decl. ¶ 24 (emphasis added)). Should the Court deny the Application, intentions presumably may change. Moreover, Feralio's latest allegations, that Mr. Nygård allegedly yelled at an employee and is an acquaintance of members of the Bahamian government (*see* Feralio Supp. Decl. ¶¶ 23-24), are not supported, and do not, in any event, explain why Feralio cannot travel safely to the Bahamas.

[7] Petitioners' contention that the Bahamian court cannot "compel" Feralio to provide discovery is irrelevant. (Response at 8-9.) There is no need to compel Feralio to testify in the Bahamas since he has already agreed to do so.

*OOO Promnefstroy*, 2009 U.S. Dist. LEXIS 98610, at *14 (S.D.N.Y. Oct. 15, 2009) (availability of discovery "within the reach of the [foreign] courts" weighs against Section 1782 relief).

Further, Petitioners' defense of the fishing expedition in the Subpoena is ineffectual. As shown (Nygård Memo at 12-14), the breadth and scope of the document requests in the Subpoena, the irrelevance of much of the requested information, and the fact that Petitioners seek to use whatever is produced here in actions well beyond the Bahamian Actions, including future, unidentified actions, demonstrates that Petitioners are abusing the Section 1782 process. Petitioners fail to cite any case that supports such impermissibly broad and untethered discovery and fail to address the cases cited by the Nygård Parties. *See*, *e.g.*, *In re Certain Funds, Accounts, and/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Group LLC*, 2014 U.S. Dist. LEXIS 95578 (S.D.N.Y. July 8, 2014).

### III. The Court Should Quash The Subpoena

Petitioners ask this Court to completely ignore the fact that they are seeking to discover materials that Feralio unlawfully possesses.[8] To this end, Petitioners rely on cases where courts either granted discovery of confidential information that was rightfully possessed by respondents, or took the unremarkable position that the Government's receipt of stolen documents is not a Constitutional rights violation. (Response at 14-17.) In stark contrast, here,

---

[8] Petitioners' contention that Feralio lawfully possesses the Misappropriated Materials is belied by the clear language of the contracts. The Contractor Agreements and the Assignment Agreement, on their face, make clear that Feralio has no right to possess the Misappropriated Materials – in raw or finished form – and California law supports the same. (*See* Nygård Memo at 14-18.) *See*, *e.g.*, *AGI West Linn of Appian Grp. Investors DE LLC v. Eves*, 217 Cal. App. 4th 156, 162 n.6 (1st Dist. 2013) (person with capacity to read and understand contract is bound by it); *Benard v. Walkup*, 272 Cal. App. 2d 595, 602 (1st Dist. 1969) (contract signed by only one party binds both parties); *Binder v. Aetna Life Ins. Co.*, 75 Cal. App. 4th 832, 850 (2d Dist. 1999) ("Mutual assent may be manifested by written or spoken words, or by conduct.").

the Court should use its discretion to decline to endorse Feralio's and Petitioners' misconduct and quash the Subpoena.[9] (Nygård Memo at 14-19.)

To the extent that a determination of the Misappropriated Materials' ownership is called for, the "shall attorn" language in the Contractor Agreements and the "exclusive forum" language in the Assignment Agreement, which Petitioners simply ignore, require that such determination be made in the California Action. *See CQL Original Products, Inc. v. Nat'l Hockey League Players' Ass'n*, 39 Cal. App. 4th 1347, 1358 (4th Dist. 1995) (under California law, "mandatory character" of forum selection "reflected by the use of the word 'shall,'" as well as "exclusive").

## CONCLUSION

The primary aim of Section 1782 − to provide "efficient means of assistance to participants in international litigation" − cannot be accomplished by granting the Application.[10] As Feralio is a voluntary witness, who has agreed to appear in the Bahamas, Petitioners can obtain the discovery in the Bahamas. Moreover, that Feralio unlawfully possesses the Misappropriated Materials and has no interest in protecting them, makes discovery from Feralio here not only completely improper, but also wholly inefficient.[11] In short, the overwhelming weight of applicable factors dictates that Petitioners' contrived Application should be rejected and the Subpoena quashed.

---

[9] Petitioners' arguments that Feralio lawfully possesses the Misappropriated Materials based on industry custom or the Nygård Parties' waiver should be rejected. Petitioners lack standing to make such arguments, and the clear language of the contracts and the history here (*see* Clifford Supp. Decl. ¶¶ 2-8) vitiate these arguments.

[10] *See Schmitz v. Bernstein, Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004).

[11] Feralio's counsel's most recent report, indicating that Feralio designated 618 of 780 video files as responsive, demonstrates (given the narrow facts underlying each of the Bahamas Actions) beyond a doubt that either the subpoena is woefully overbroad or that Feralio cannot differentiate between responsive and non-responsive material. (*See* Letter, dated September 25, 2014, Docket No. 67.)

Dated: September 29, 2014
New York, New York

Respectfully submitted,

KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP


By:   /s/ Aaron H. Marks
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Aaron H. Marks (amarks@kasowitz.com)
Kenneth R. David (kdavid@kasowitz.com)

1633 Broadway
New York, NY  10019
(212) 506-1700

*Attorneys for Nygård International, Nygård Inc., and Peter Nygård*