KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
MKASOWITZ@KASOWITZ.COM

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON, DC

October 20, 2014

BY E-FILING
The Honorable Denise L. Cote
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:  *In re Application of The Coalition To Protect Clifton Bay*, No. 14 MC 258 (S.D.N.Y.)

Dear Judge Cote:

    We write on behalf of the Nygård Parties to request that the Court expand upon its October 2, 2014 Order that the parties address a system for Stephen Feralio to adopt to organize and prioritize his review of video files supposedly responsive to the proposed subpoena.

    On September 11, the Court directed Feralio to review and segregate those video files supposedly responsive to the proposed subpoena, produce copies of those materials to our office, and report to the Court on a weekly basis on this process. Over the past five weeks, Feralio has produced to our office thousands of files containing videos and photographs that are patently irrelevant to the seven underlying Bahamian Actions. Feralio's productions have included massive volumes of videos and photographs of individuals playing beach volleyball at Nygård Cay, the staging of a regatta at Nygård Cay, press conferences featuring Bahamian Olympic Teams, and private parties and social events at Nygård Cay.[1] Our attorneys have had to spend -- and are spending -- dozens of hours each week reviewing these irrelevant files to prepare appropriate objections and confidentiality designations to be asserted should the Court grant the Application.

    The fact that these videos are all stolen property and much of it is proprietary, confidential, and personal to our clients makes the Application an abuse of process. That virtually none of the files are material to the claims being pursued in the Bahamian Actions, and that Feralio estimates

---

[1]    The files produced to us by Feralio to date did contain a handful of videos edited by Feralio that were posted to YouTube after Petitioner Bacon made a controversial speech in which he accepted credit for saving the historic Clifton area in the Bahamas. (*See* Nikki Kelly, *Between The Lines*, THE PUNCH, February 11, 2013, attached hereto as Ex. A.) While certain of these videos are arguably relevant to one of the defamation cases in the Bahamian courts (*see Bacon v. Jones Communications Limited*, 2013/CLE/gen/01658 (Bah. Sup. Ct. filed Oct. 10, 2013)), there is nothing new to discover here. Indeed, nearly 18 months ago, Peter Nygård appeared on a television talk show in the Bahamas where certain of these videos were shown and openly discussed. (*See Peter Nygard Sets the Record Straight*, May 30, 2013, http://www.bahamasnational.com/?q=node/2543.)

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

his review will take three more months, makes this exercise a colossal waste of time and resources.

    During an October 8 meet and confer call with counsel, we suggested that the efficiency of Feralio's process could be addressed by considering the scope of the proposed subpoena, as enormous volumes of irrelevant files are being reviewed now by Feralio and our office. Petitioners' counsel refused to engage in a discussion regarding the scope of the proposed subpoena. We waited for Feralio's production this past Thursday to see whether he was still going to produce massive volumes of irrelevant files, and when he did, we sent a letter to counsel again raising the scope of the subpoena and requesting that the parties meet and confer on this issue again today (Monday). (October 17 Letter, attached hereto as Ex. B.) The October 17 Letter addresses the overbreadth and irrelevance of the proposed subpoena's various requests, and also suggests adding a team of Herrick Feinstein attorneys to the review process, in order for the process to be completed within a few weeks (rather than three more months). Petitioners sent an e-mail on October 19 seeking to exchange letters on this matter rather than meet and confer today. (E-mail from A. Weitzman dated Oct. 19, 2014, attached hereto as Ex. C.)

    While we would be pleased to continue to meet and confer with Petitioners' counsel and Feralio's counsel regarding the review process, we believe that this will be a futile exercise (and we will continue to receive thousands of video files) unless the scope of the proposed subpoena is on the table. It does not make sense, particularly given the circumstances of this matter (*i.e.*, a 1782 Application directed to a person contractually obligated to participate in the underlying foreign proceedings, seeking documents in which he has no possessory rights), that hundreds of hours of attorney time is being spent on reviewing irrelevant video files.[2] We therefore request that the Court clarify its October 2, 2014 Order, such that the parties are instructed to consider the scope of the subpoena in connection with making the process more efficient (while the parties await Your Honor's initial decision with respect to the 1782 Application and the motion to quash).

    The other request in our October 17 Letter is that Feralio (and his legal team) should prioritize producing video files, if any exist, that are relevant to the two Bahamian Judicial Review actions challenging the government's decisions concerning permits for construction work at Nygård Cay. Petitioners represented that Feralio has evidence "related to Nygård's illegal expansion activities and his communications with Bahamian officials in relation to those activities." (Pets. Memo. of Law in Support of App. [Docket No. 80], at 19.) While we do not believe that Feralio possesses any such evidence, which is supported by the fact that Feralio produced nothing remotely fitting this description to date, the Judicial Review actions are the most time sensitive of the Bahamian Actions. Petitioners should not be allowed to use the continued pendency of this proceeding to delay adjudication of those actions, which we fear may be the real purpose of this action. Namely, we are concerned that Petitioners are using the Judicial Review actions to stay approval of reconstruction at Nygård Cay until the Bacon-supported political party is re-elected in the Bahamas, at which point Bacon can use his influence to try to permanently cease that reconstruction in a further effort to either punish Mr. Nygård or coerce him into selling his property to Bacon, which Mr. Nygård will not do.

---

[2]     We recognize that the issue of the scope of the proposed subpoena is not before the Court at this time, as the Court reserved such "merits" issues for a future date. (Transcript of Sept. 11, 2014 Conference at 28.) Accordingly, the Nygård Parties hereby expressly reserve -- and are not waiving -- all objections and arguments regarding the proposed subpoena and any productions pursuant thereto, including all their rights in the September 29, 2014 protective order.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Thank you for consideration of these matters.

Respectfully,

*[signature]*

Marc E. Kasowitz

cc:  Counsel for Petitioners (by E-Filing)
     Counsel for Stephen J. Feralio (by E-Filing)