# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

December 3, 2014

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

BY HAND DELIVERY AND ECF

The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Re:   In re Application Pursuant to 28 U.S.C. § 1782, No. 14-Misc-258

Dear Judge Cote:

In response to the Nygård Parties' ("Nygård") letter of December 2, 2014, Petitioners respectfully submit this letter to correct the record.

First, attached is a letter that Feralio sent to Nygård yesterday evening contesting non-responsiveness designations by Nygård for another 93 files. (Ex. A). To date, Feralio has identified approximately 450 video and image files as improperly designated and withheld by Nygård as non-responsive. Feralio's review is ongoing and these numbers likely will rise.

Second, attached is a copy of another e-mail exchange yesterday that Nygård failed to disclose to the Court (or even provide to Petitioners' counsel) in which Nygård, once again, agrees at the 11th hour to produce responsive files that Nygård previously designated non-responsive over Feralio's objection. (Ex. B). This e-mail exchange shows that Nygård is treating his discovery obligations as a game of "Gotcha!": Nygård first resists production of responsive evidence by marking the files non-responsive; if and when Feralio identifies the responsive files that had been buried by Nygård among other non-responsive files, Nygård continues to resist production through efforts to persuade Feralio that the files are in fact non-responsive; then, if Feralio continues to push the issue, Nygård finally relents—literally minutes before Feralio's announced deadline to seek Court intervention—and agrees to produce the files to Petitioners (while still unilaterally proclaiming that they are non-responsive).

Nygård contends that judicial intervention is unnecessary, that the meet and confer process has worked as intended, and that the lack of prior Court intervention evidences Nygård's good faith. The opposite is true. Nygård's hide-the-ball approach to his production obligations reflects a broader strategy of obstruction and delay. Nygård attempts to suppress *hundreds* of responsive files (approximately 10% of the total files Nygård has deemed non-responsive) until caught red-handed, and only after pushing the issue to the brink does he finally produce the files in the guise of cooperation, but in reality as a stratagem to avoid court scrutiny. It is equally obvious that Nygård repeatedly proclaims that the disputed files are non-responsive, but has failed to provide any substantive basis for the improper designations. Nygård's efforts to bury hundreds of responsive files without offering any good faith explanation reflects precisely the type of cavalier approach to discovery that this Court has sanctioned, including with the litigation death penalty. *Metro. Opera Ass'n, Inc. v. Local 100*, 212 F.R.D. 178, 228, 231 (S.D.N.Y. 2003) (entering judgment of liability against defendant who failed to collect and produce responsive documents; "[N]ecessary to the Court's conducting judicial business in our adversary system is the inherent power to sanction those who deviate from the standards of good faith."); *see also Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448, 461 (S.D. Ohio 1995) ("Parties cannot be permitted to jeopardize the integrity of the discovery process by engaging in halfhearted and ineffective efforts to identify

# GIBSON DUNN

and produce relevant documents"). Petitioners' requested sanction here is more than appropriate and measured—it is necessary to restore the integrity of and Petitioners' confidence in the discovery process.[1]

Respectfully Submitted,

Orin Snyder

---

[1] As the Court is aware, Nygård sought the narrowing of the original subpoena to enhance the "efficiency" of the discovery process. Dkt. 91 at 2. By improperly re-designating so many files as non-responsive, Nygård has undermined the very purposes for which he sought narrowing of the subpoena and the integrity of the process. Requiring the production of all files that Feralio deemed responsive to the original subpoena will not prejudice Nygård and would restore faith in the discovery process.