KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

AARON H. MARKS
212-506-1721
AMARKS@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

January 12, 2015

BY E-FILING
The Honorable Denise L. Cote
United States District Court for the
   Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re: *In re Application of The Coalition To Protect Clifton Bay*, No. 14 MC 258 (S.D.N.Y.)

Dear Judge Cote:

      We write on behalf of the Nygård Parties in response to Petitioners' January 7, 2015 letter ("January 7 Letter"). In the January 7 Letter, Petitioners belatedly request that this Court reconsider its prior ruling (the "September Ruling") and amend the Protective Order (Dkt. 72) to allow the British law firm Schillings to view materials designated Confidential or Highly Confidential under the Protective Order ("Designated Materials"). For the reasons stated below, the Nygård Parties respectfully submit that Petitioners' request be denied.

      Petitioners' request is an untimely motion for reconsideration masquerading as a request for a "modification" to the Protective Order. Your Honor specifically ruled in September 2014 that outside counsel that has not appeared in this action or in the Bahamian Actions should not have access to Designated Materials. (*See* Dkt. 72 at 7.) As the Court may recall, the Nygård Parties and Petitioners engaged in an extensive meet-and-confer process for the purpose of drafting an agreed-upon protective order. Though agreement was reached on substantial portions of the Protective Order, there remained matters of dispute that were submitted to the Court. One such issue was precisely the issue Petitioners present here. Petitioners' proposal would have allowed any outside counsel, "regardless of whether they appear" -- which would have included Schillings -- to view Designated Materials. (*Id.*) We objected and the Court struck Petitioners' proposed language. (*See id.*) Thus, Petitioners' January 7 Letter attempts to re-argue an issue that the Court ruled on four months ago. Petitioners' January 7 Letter fails to disclose the fact that the Court already ruled on this issue, and does not -- and cannot -- justify reversing the September Ruling when the circumstances have not changed.

      Moreover, Petitioners have not shown that any purported need for Schillings to view Designated Materials now outweighs the prejudice of disclosing the Nygård Parties' stolen property -- purchased by Petitioners for $10 million -- to yet another party in yet another country. In contrast to the generalizations set forth in the January 7 Letter, the Second Afia Declaration merely states that the services Schillings provides to Bacon include "fil[ing] libel proceedings" and "pre-action

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

disclosure application[s]" in the United Kingdom and that its "risk and technology practice" has conducted forensic analyses on a website to determine its host. (Afia Decl. ¶¶ 3-6.) Similarly, the Second Adams Declaration states that Schillings assists with "Digital Forensic Investigation," "Information Reconnaissance Services," and "Legal Research Support." (Adams Decl. ¶ 4.) In light of these services, it is inconceivable (and Petitioners do not explain) how Schillings' access to Designated Materials will be necessary in connection with the Bahamian Actions. Schillings' purported need to view the Designated Materials now is particularly dubious since the Protective Order expressly prohibits their use in any action other than in the 1782 Action or the Bahamian Actions. (Dkt. 72 at 2, 7-10.) And the creator of those materials is known and therefore does not require Schillings' "risk and technology practice" to unearth their source. Petitioners' argument, therefore, boils down to their purported need to have Schillings help Petitioners' Bahamian counsel, Graham Taylor, "plac[e] the evidence in its proper context" (January 7 Letter at 1) -- an argument that is so vague that it is meaningless. For example, Petitioners do not explain -- and Mr. Adams does not attest -- to whom the "evidence" needs to be put into context, for what purpose and, most importantly, why Graham Taylor, a self-proclaimed "preeminent law firm" (Adam Decl. ¶ 1), is totally incapable of placing evidence in context, particularly since eminent counsel at Gibson Dunn -- who already have access to the Designated Materials -- can provide assistance, if and as necessary.

Finally, the Nygård Parties are highly concerned about the Schillings firm in particular being given access to Designated Materials, even if it subjects itself (and its individual attorneys) to the jurisdiction of this Court or a court in the Bahamas through an appearance in either court. In connection with this 1782 Action, Petitioners' application included the declaration of a partner at the Schillings law firm, Jenny Afia, which contained voluminous salacious, inflammatory, damaging, and irrelevant allegations that this Court ordered be redacted. (Sept. 11 Tr. at 5:14.) But for the Nygård Parties affirmatively seeking redress in this Court, those defamatory allegations would still be public. Given Schillings' past tendency to misuse information in filings, the Nygård Parties' have a legitimate concern that the same misuse could happen here. Even if Schillings -- a British law firm -- is subject to the Court's jurisdiction, there is no guarantee that it will be present in this jurisdiction to enable the Court to enforce its orders if Schillings violates the terms of the Protective Order. Moreover, even subjecting Schillings to this Court's jurisdiction does not alleviate the concern that giving further access to Designated Material to another firm in a foreign country could increase the possibility of inadvertent disclosure. Weighing all of these factors against the limited need for Schillings to access the Designated Materials, it is clear that Petitioners' request should be denied.

In sum, Petitioners' request is both procedurally and substantively without merit. The relief sought had been requested before and properly denied. Further, Petitioners are already represented by competent counsel both here and in the Bahamas and they have failed to explain why Schillings' access to the Designated Materials is necessary under the circumstances. Accordingly, the Nygård Parties respectfully request that the Court deny Petitioners' request for reconsideration of the September Ruling.

Respectfully,

*/s/ Aaron H. Marks*

Aaron H. Marks

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

cc: Counsel for Petitioners (by E-Filing)
Counsel for Stephen J. Feralio (by E-Filing)